[Department One—May 30, 1883.]

## MARY JANE MacDOUGALL, Appellant, v. CENTRAL RAILROAD COMPANY, Respondent.

Negligence—Personal Injury—Instruction.—In an action to recover damages for a personal injury alleged to have been received through the negligence of the defendant, contributory negligence on the part of the plaintiff is a matter of defense, and it is error to instruct the jury that the burden of proof is on the plaintiff to show that the injury occurred without such negligence.

Appeal—Erroneous Instruction.—An erroneous instruction cannot be disregarded on appeal, unless it appear that no prejudice could have resulted from it.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

At the time of the alleged injury, the plaintiff was a passenger on a railroad owned and operated by the defendant in the city and county of San Francisco. The plaintiff was examined as a witness, and testified that she stopped the car in which she was riding for the purpose of getting off, and that while she was in the act of alighting, the car started, and she was thrown to the ground and injured. She also testified that some delay occurred by a woman getting off in front of her at the same time.

*Crittenden & Moses,* for Appellant.

*Gunnison & Booth,* for Respondent.

Per Curiam. — The case was submitted to the jury, on the part of the plaintiff, upon the plaintiff's testimony and that of a medical gentleman, who described the injuries she had sustained. The verdict was for the defendant, and, as there was at least a substantial conflict in the evidence introduced by plaintiff and defendant respectively, we cannot say the verdict was not justified by the evidence.

The first two of the points urged by the appellant are : —

1. "The court erred in instructing the jury that the burden of proof of establishing her case is on the plaintiff, and she must show, 'that the injury resulted from the negligence of the defendant *without any contributory negligence upon her part.'*"

2. "The court erred in instructing the jury 'that plaintiff, if negligent, could not by her own negligence cast upon the person in charge of defendant's car the necessity of exercising extraordinary care and skill.'"

With respect to these instructions, we may remark, first, the burden of proof was on the *defendant* to show plaintiff was guilty of contributory negligence, unless plaintiff had already shown such negligence; and, second, if plaintiff was guilty of no negligence, still defendant was bound to exercise a great degree of care and skill. (*Robinson* v. *W. P. R. R. Co.* 48 Cal. 426; *Nehrbas* v. *C. P. R. R. Co.* 62 Cal. 320.)

The portions of the charge above recited were specifically objected to by plaintiff's counsel as follows: "Another [ground of objection] is that the instruction as to casting upon the driver extraordinary care or vigilance by reason of negligence, if

the jury should suppose any such thing on the part of the plaintiff, is likely to mislead the jury in regard to the question of the degree of extraordinary care and diligence required on the part of the defendant in conveying and letting the plaintiff off the car. Another is that the instruction as to the burden of proof being upon the plaintiff, and that the plaintiff is required to show that the injury complained of resulted from the negligence of the defendant, without any contributory negligence on her part, is not law, and is ambiguous and calculated to mislead the jury."

The court had charged the jury: "The law imposes upon the defendant the duty of exerting and using the *utmost* care, foresight, diligence, and skill in the selection and employment of a driver for its car, and in the management, driving, and stopping of said car, and in the taking in and letting out of said car of passengers for hire." And had also read to the jury from section 2100 of the Civil Code: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, and must provide everything necessary for that purpose, and must exercise to that end a *reasonable* degree of skill."

We would hesitate to order a new trial if the only error complained of were the charge, "plaintiff if negligent could not by her own negligence cast upon the person in charge of defendant's car the necessity of exercising extraordinary care and skill." It is true, it would be difficult to distinguish between "extraordinary" and "utmost" care and skill. It is also true the language employed suggests that if a plaintiff is not guilty of contributory negligence he cannot recover if a defendant has used a degree of care and skill somewhat less than extraordinary or utmost. But if plaintiff was guilty of negligence, directly contributing to the injury — amounting to want of ordinary care — she ought not to recover. The language of the court, therefore, while it gave a wrong reason for the rule, might perhaps be construed as a statement, that, if guilty of contributory negligence, the jury should find against her. We might *perhaps* say, in view of the other charges, to the effect that defendant was responsible for any want of the utmost care, that the charge complained of could not have misled the jury.

But, however this may be, the charge, "the burden of proof

LXIII. Cal.—28.

of establishing her case is on the plaintiff, and she must show that the injury resulted from the negligence of the defendant, without any contributory negligence on her part," was clearly erroneous. (*Robinson* v. *W. P. R. R. Co., Nehrbas* v. *C. P. R. R. Co., supra.*) Of course, the circumstances, as related by the plaintiff's witnesses, will often satisfy the court or jury that plaintiff has been guilty of such contributory negligence as will prohibit a recovery. But whether the evidence on the part of a plaintiff establishes contributory negligence is a question of fact for the jury, unless it is so clearly established as to justify the court in granting a nonsuit.

In the case before us, it might be argued upon the evidence, that, if the plaintiff—as the only witness—was to be believed, she clearly proved she was guilty of no contributory negligence, and therefore the charge that the burden of proof was upon her to establish the negative, could have done her no harm. But to assume that the case, as made by plaintiff, established she was guilty of no negligence, would be to take the fact in that regard, and so far as her evidence was concerned, from the jury; and would have justified a charge, that, if the jury believed her testimony, they should find her guiltless of contributory negligence. The defendant might well complain of such a charge and insist that her own testimony, bearing upon the question whether she was guilty of the degree of negligence which should prevent a recovery, ought to go to the jury, to be weighed and canvassed by them. An extremely cautious person might have retained her seat, or remained entirely within the car, until the woman who, as she testifies, preceded her, had reached the pavement. Although, if called upon to decide the *fact*, we might be of opinion that, by doing what she says she did, she was guilty of no negligence, we cannot say that the jury would have found that she proved herself guiltless of negligence. The jury might have found that her evidence showed negligence on the part of defendant, but failed affirmatively to establish an absence of fault on her own part.

It must be admitted that the charge was erroneous, and we cannot declare, as matter of law, that it could not have misled the jury.

Judgment and order reversed and cause remanded for a new trial.