[S. F. No. 2522. Department One.—July 2, 1903.]

J. B. BOONE and OLLIE BOONE, his Wife, Respondents, v. OAKLAND TRANSIT COMPANY, Appellant.

NEGLIGENCE—FAILURE TO STOP STREET-CAR—INJURY TO PASSENGERS— SUFFICIENCY OF EVIDENCE.—Evidence that plaintiff, as a passenger upon a street-car, requested the conductor immediately after leaving one street to stop at the next street, and that the car slowed down, apparently as if about to stop thereat, and that, in anticipation of its stopping, she stood on the step, holding to a stanchion with her left hand, ready to alight, and that the car, instead of stopping, started up suddenly and unexpectedly, whereby she was thrown to the ground and injured, is sufficient to justify a verdict for the plaintiff.

ID.—EVIDENCE—RES GESTÆ—HEARSAY—OPINIONS OF THIRD PERSONS. —It was prejudicial error for the court to allow a witness to testify that the conductor, some time after the accident, said: "These ladies seem to blame me—seem to think it is my fault." This was not part of the *res gestæ,* but was a mere hearsay statement

---

[1] 12 Am. St. Rep. 131.

of the opinions of third persons as to who was at fault, which opinions would not be admissible, even if such persons were placed upon the witness-stand.

Id.—IMMATERIAL EVIDENCE.—Where there was evidence to show that, after the plaintiff was thrown off her balance, and while she still held to the stanchion, and was being dragged, there were calls by passengers to ring the bell and stop the car, evidence of a witness that some one answered, "No use ringing the bell; won't stop the car, unless the conductor rings the bell," was immaterial, and should have been stricken out.

Id.—INAPPLICABLE INSTRUCTION—DUTY OF EMPLOYEES WHEN CAR IS STOPPED.—It appearing that the car was not fully stopped, an instruction as to the duty of the employees upon the car when it is stopped was not applicable to the evidence, and should not have been given.

Id.—DUTY OF STREET-RAILROAD COMPANY—INSTRUCTION AS TO QUESTION OF FACT.—An instruction that the duty of a street-railroad company to afford its passengers reasonable opportunity to get off of its cars, is more onerous than that of an ordinary steam-railroad company, while correct in point of fact, is an instruction upon a question of fact, which should not have been given, though not sufficient of itself to justify a reversal.

Id.—CONTRIBUTORY NEGLIGENCE—INJURY TO PASSENGERS—PRESUMPTION —BURDEN OF PROOF.—Contributory negligence on the part of a passenger cannot be presumed from the mere fact of injury, but must be proved. On the other hand, the proof of an injury to a passenger on the car of a common carrier casts upon the common carrier the burden of proving that the injury was caused by inevitable casualty, or some cause which human care and foresight could not prevent, or by contributory negligence of the plaintiff, unless plaintiff's proof tends to show that the injury was thus occasioned.

APPEAL from an order of the Superior Court of Alameda County denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Harmon Bell, for Appellant.

Snook & Church, for Respondents.

SHAW, J.—This is an action to recover damages for personal injuries to the plaintiff Ollie Boone. The verdict was for the plaintiffs, and judgment was entered thereon. The defendant appeals from an order denying its motion for a new trial. The evidence on behalf of the plaintiff was to the effect that she was a passenger on one of the defendant's cars, sitting

on one of the rear open seats of the car on a street in Oakland, and that she wished to get off at Third Avenue; that as the car left Second Avenue she told the conductor to stop at Third Avenue, and understood him to say that he would; that as the car approached nearly to Third Avenue it slowed down, apparently as if about to stop to enable her to get off; that in anticipation of its stopping she stood up on the step or running-board of the car, holding on to one of the stanchions with her left hand; that the car, instead of stopping, started up very suddenly and unexpectedly, whereby she was thrown to the ground and injured. It cannot be seriously contended that the evidence was not sufficient to justify the verdict. The defendant complains of several rulings of the court, specified as errors of law, which we think are so serious as to demand a reversal of the judgment.

1. Over the objection of the defendant, a witness was allowed to testify that when the car stopped after the accident, and after the conductor had gone from the place where it stopped to the place where the plaintiff lay, and again returned to the car, the witness had a conversation with him, in which he said: "These ladies seem to blame me—seem to think it is my fault." This was not a part of the *res gestæ.* It happened after the accident, and after a sufficient time had elapsed for the defendant to walk almost half a block and back again. It was not even a relation of the facts which caused the accident, but was a mere statement of the opinion of third persons as to who was at fault. Its admission was against all the rules with relation to *res gestæ.* (Jones on Evidence, sec. 360; *Lissak* v. *Crocker Estate Co.,* 119 Cal. 442; *People* v. *Wong Ark,* 96 Cal. 125; *Durkee* v. *Central Pacific R. R. Co.,* 69 Cal. 533.[1]) Nor can it be said that the testimony was not injurious. Its effect was to get before the jury the opinions of the persons who saw the accident that the cause was the fault of the conductor,—that is, that it was due to his neglect. Such opinions, expressed at the time, are likely to have great weight with a jury. There can be no question that the opinion of a witness who saw the accident, whether or not it was caused by the negligence of the defendant, would not be admissible, and would be injurious if al-

[1] 58 Am. Rep. 562, and note.

lowed. With much more reason can it be said that hearsay statements as to the opinions of third persons, not placed upon the witness-stand, and not subject to cross-examination, are both inadmissible and injurious, if directed to a material point in the case.

2. As the case may be retried, it is proper to notice some other objections made, some of which we think are well taken, although perhaps they would not be sufficient of themselves to justify a reversal. There was evidence to the effect that after the plaintiff was thrown off her balance she still held to the stanchion and was dragged some distance by the car; that while she was in that position there were calls by different passengers to ring the bell and stop the car. Mrs. Woods, a witness for the plaintiff, testified that at that time some one answered, "No use ringing the bell; won't stop the car unless the conductor rings the bell." Defendant moved to strike out this part of the testimony, and the motion was denied. The testimony was entirely immaterial, and should have been stricken out.

3. Instruction numbered four, given to the jury, related to the duty of employees of a street-car company, when the car is stopped to allow a passenger to get off, to ascertain whether or not those who are endeavoring to get off have actually accomplished their design before the car is again started, and stated that it is their duty in such a case to see that no passenger is in the act of alighting or in a position which would be rendered perilous if the car were put in motion. There was no evidence in this case that the car had stopped. On the contrary, the evidence showed that before the car had entirely stopped, it again started suddenly, and thus caused the plaintiff to be injured. The instruction, therefore, was not applicable to the evidence, and should not have been given.

4. The court instructed the jury that the duty of a street-railroad company to afford its passengers reasonable opportunity to get off of its cars is more onerous than that of an ordinary steam-railroad company. We think this instruction was correct in point of fact, for the reason that a street-railroad car is obliged to stop more frequently, and is operated with less precision as to the time of starting and stopping, than the ordinary steam railroad. But the duty, though more

onerous to the company, is no greater to the passenger than that of a steam-railroad company. It was therefore, perhaps, a harmless instruction, but, being an instruction upon a question of fact, it should not have been given.

5. Instruction numbered twelve was as follows: "Contributory negligence on the part of a passenger cannot be presumed from the mere fact of injury, but must be proved. On the other hand, the proof of an injury to a passenger on the car of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty, or some other cause which human care and foresight could not prevent, or by contributory negligence of the plaintiff, unless the proof on the part of the plaintiff tends to show that the injury was occasioned by the contributory negligence of the passenger, or by inevitable casualty, or by some other cause which human care and foresight could not prevent." We think this instruction correctly stated the law as applied to the facts in this case. (*Bosqui* v. *Sutro R. R. Co.*, 131 Cal. 390.)

We do not think it necessary to discuss other points mentioned in the briefs. For the reasons given the order denying a new trial is reversed and the cause remanded.

Van Dyke, J., and Angellotti, J., concurred.