[L. A. No. 2273.    Department One.—August 18, 1909.]

## JOSEPHINE G. WYATT et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY, Respondent.

NEGLIGENCE OF STREET RAILROAD—INJURY TO PASSENGER—PLEADING—ADMISSIONS ON TRIAL—ALIGHTING FROM CAR IN MOTION—INSTRUCTION AS TO LIABILITY.—Where the complaint in an action against a street-railroad company to recover for the negligent death of a passenger alleged that the act of starting the car backward after it had stopped and while the passenger was in the act of alighting was the direct and only cause of the injury, and the plaintiff's evidence was solely directed to proof of that act as the cause, which the defendant attempted to rebut solely by evidence that she got off the car before it had stopped and while it was in motion, and it was admitted at the trial that the defendant would be liable if the accident occurred as claimed by the plaintiff, but would not be liable if she fell in attempting to alight from the car before it had stopped and while it was in motion, an instruction to the jury that there was but one issue for them to consider, viz.: "Did the car stop and then as the passenger was attempting to alight therefrom start backward? If so, the defendant is liable. If, on the other hand, the passenger voluntarily stepped from the car before the same had stopped and while it was in motion, the plaintiffs cannot

recover," was equivalent to a direction to the jury that the act alleged as the cause of the injury, if proven, was a negligent act, of itself, and sufficient in that respect to justify a recovery.

ID.—EVIDENCE—RULES OF COMPANY.—In such case, it was immaterial to refuse to admit in evidence certain rules of the company for the government of its employees, the only effect of which would have been to tend to prove the admitted proposition that the act of starting the car backward, as the passenger was alighting, was negligent.

ID.—INSTRUCTIONS RENDERED IMMATERIAL—PRESUMPTION OF NEGLIGENCE.—It was immaterial to refuse an instruction requested by the plaintiffs, to the effect that a presumption of negligence on the part of the defendant would arise from the fact that the accident happened to the deceased by the operation of its car while she was a passenger, and also to give instructions which excluded from the consideration of the jury any act of negligence other than that alleged as the cause of the accident, or which put upon the plaintiffs the burden of proving the negligence of the defendant, without aid from the presumption of negligence arising from the happening of the accident to a passenger on its car.

ID.—PRESUMPTION OF NEGLIGENCE FROM INJURY TO PASSENGER—BURDEN OF PROOF.—The mere fact that a passenger is injured while aboard a car, or while alighting therefrom, does not create a presumption that the injury was caused by want of care on the part of the defendant operating such car, unless it be first shown that the injury came from the movement of the car by those in charge of it, or from something connected therewith, or in control of the defendant. When this is done, the law then presumes, *prima facie,* that the particular thing thus shown to have caused the injury was due to the defendant's negligence, and the burden is thrown on the defendant to disprove the *prima facie* case thus made.

ID.—FALL OF PASSENGER—STARTING OF CAR.—The fact that a passenger on a car was injured by falling to the ground, creates no presumption of negligence. But if it is also shown that the fall came about from the sudden start of the car as she was stepping from it, then it will be presumed that the sudden start was caused by the defendant's negligence.

ID.—DENIAL OF NEGLIGENCE—PREPONDERANCE OF WHOLE EVIDENCE—INSTRUCTIONS.—In such a case, it is proper to instruct the jury that if the alleged negligence of the defendant is denied, the plaintiff must prove it by a preponderance of the whole evidence.

ID.—EVIDENCE EQUALLY BALANCED.—In view of the pleadings and the admissions on the trial, it was proper to instruct the jury to find for the defendant, if the evidence is equally balanced, as to whether the car stopped and then started backwards, as the deceased was attempting to alight therefrom, or as to whether she voluntarily stepped from the car while it was in motion.

ID.—CONTRIBUTORY NEGLIGENCE.—Such an instruction could not fairly have been understood by the jury as a direction that the defendant

could establish the defense of contributory negligence, based on the theory that the passenger had attempted to alight from the car before it had stopped and while it was in motion, without proving it by a preponderance of evidence.

ID.—ABSENCE OF INSTRUCTION ON CONTRIBUTORY NEGLIGENCE.—In such action, the plaintiff, in the absence of any request therefor, cannot complain that no instruction was given as to the burden of proof to show contributory negligence.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

M. C. Hester and Hester, Merrill & Craig, for Appellants.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Norman S. Sterry, for Respondent.

SHAW, J.—This is an action by the heirs at law of Catherine Gray, deceased, to recover damages for her death, which, it is alleged, was caused by the negligence of the defendant. The verdict was in favor of the defendant. The plaintiffs appeal from an order denying their motion for a new trial.

The defendant was operating a line of street-railroad cars in the city of Pasadena. The complaint alleges that the deceased was a passenger on defendant's car; that the car stopped and she was in the act of stepping from the rear of the car to the street, when it was started backwards by the employees of the defendant with a sudden jerk, whereby she was thrown violently from the car to the ground and suffered injuries which caused her death. The errors assigned relate to the rejection of certain evidence and the giving and refusing of instructions. It is also alleged that the cars usually stopped at Green Street; that she supposed the car she was on would stop there; that she told the conductor she wished to alight there; that it went beyond the crossing and stopped at an unusual place; that the conductor was not in his proper place at the rear and did not assist her to alight. It is important to note, however, that these acts are stated merely by way of inducement, and that it is not alleged or claimed that they caused the fall

whereby she was injured.   The act of starting the car backward, after it had stopped and while she was in the act of alighting, is alleged as the direct and only cause of the injury.

Upon the trial, the plaintiff's evidence was directed to proof of that act as the cause, and no attempt was made by them to show that the injury was caused in any other manner, or by reason of any other act of negligence.   The defendant attempted to rebut this proof solely by evidence to prove that she got off the car before it had stopped and while it was in motion.   The defendant then admitted that if the fall occurred as claimed by plaintiffs, from the sudden backward motion of the car, that such act would be negligence and that the defendant would be liable.   The plaintiffs, on the other hand, admitted that if she fell by attempting to get off the car before it had stopped and while it was in motion, they had no right to recover.   In accordance with these admissions, and upon these averments and proofs, the court, in instruction VIII, asked by the defendant and not assigned as error by the plaintiffs, said to the jury: "I charge you that there is but one issue for you to consider, viz.: Did the car stop and then as Catherine Gray was attempting to alight therefrom, start backward?   If so, the defendant is liable. . . . If, on the other hand, said Catherine Gray voluntarily stepped from the said car before the same had stopped and while it was in motion, the plaintiffs cannot recover."   This was a direction to the jury that the act alleged as the cause of the injury, if proven, was a negligent act, of itself, and sufficient in that respect to justify a recovery.   This state of the issues, these admissions of the parties, and this instruction render the errors complained of, for the most part, unimportant and practically immaterial, as will appear from a mere statement of the points.

Certain rules of the company for the government of the employees operating its cars were not allowed in evidence. The most that could be said in regard to them is that they might tend to prove the admitted proposition that the particular act of starting the car backward, as the deceased was alighting, was negligent.

Instruction VI, asked by the plaintiffs and refused, purported to direct the jury that a presumption of negligence

on the part of the defendant would arise from the fact that the accident happened to the deceased by the operation of its car while she was a passenger thereon. Instruction IX and others given by the court are criticised on the ground that they excluded from the consideration of the jury any act of negligence on the part of the defendant, other than that which, as above stated, is alleged to have caused the deceased to be thrown from the car, and also upon the ground that they put upon the plaintiffs the burden of proving the negligence of defendant, without aid from the presumption of negligence arising from the happening of the accident to a passenger on its car. All these matters are made immaterial by the allegations, admissions, and instruction above mentioned, limiting the jury to the single act alleged and directing them that that act was in itself negligent.

It is proper to say, in this connection, that the instructions given as aforesaid were not erroneous as claimed. The criticism of them is based upon what appears to be a misapprehension as to the effect of the maxim, *res ipsa loquitur.* It is not the law, as the argument of the plaintiffs implies, that the mere fact that a passenger is injured while aboard a car, or while alighting therefrom, creates a presumption that the injury was caused by want of care on the part of the defendant operating such car. It must first be shown that the injury came from the movement of the car by those in charge of it, or from something connected therewith, or in control of the defendant. When this is done, the law then presumes, *prima facie,* that the particular thing thus shown to have caused the injury was due to the defendant's negligence, and the burden is thrown upon the defendant to disprove the *prima facie* case thus made. Such negligence is presumed because such accidents do not ordinarily happen if due care is used, and because the defendant is usually better able than the plaintiff to show the actual truth of the matter. In *Griffen* v. *Manice,* 166 N. Y. 193, [82 Am. St. Rep. 630, 59 N. E. 925], the court, referring to this maxim, says: "It is not the injury, but the manner and circumstances of the injury, that justifies the application of the maxim and the inference of negligence. If a passenger in a car is injured by striking the seat in front of him, that of itself authorizes no inference of negligence. If it be shown, however, that he

was precipitated against the seat by reason of the train coming in collision with another train, or in consequence of the car being derailed, the presumption of negligence arises." So here, the fact that the deceased was injured by falling to the ground, creates no presumption of negligence. But if it is also shown that the fall came about from the sudden start of the car as she was stepping off the same, then it will be presumed that the sudden start was caused by the defendant's negligence. But the proof of the injury, that is, the bruise or hurt, or the proof that she fell to the ground, without proof as to why she fell, raises no presumption either that she was made to fall by the sudden starting of a car at rest, or by a careless attempt to get off while it was in motion and before it had stopped. (*Lincoln Tr. Co.* v. *Shepherd,* 74 Neb. 372, [104 N. W. 882, 107 N. W. 764]; *Saunders* v. *Chicago etc. Co.,* 6 S. Dak. 40, [60 N. W. 148].)

Instruction IVa, given by the court, was approved in *Patterson* v. *San Mateo etc. Co.,* 147 Cal. 183, [81 Pac. 531], and the principle therein stated that, in a case like the present, if the alleged negligence of the defendant is denied, the plaintiff must prove it "by a preponderance of the whole evidence," was fully discussed in that case and in *Kahn* v. *Triest-Rosenberg Co.,* 139 Cal. 345, [73 Pac. 164], and *Valente* v. *Sierra Ry. Co.,* 151 Cal. 538, [91 Pac. 481], and declared to be correct.

Instruction IX also stated "If the evidence is equally balanced, as to whether the car stopped and then started backwards, as said Catherine Gray was attempting to alight therefrom, or as to whether Catherine Gray voluntarily stepped from the said car while it was in motion, then your verdict must be for the defendant." In view of the narrow issue upon which the case was presented and the admissions of the respective counsel aforesaid, this cannot be declared erroneous. Each theory was advanced as the opposite of the other and it was not suggested by either party that any other explanation of the fall of the deceased was possible under the evidence. It is clear that the evidence tending to show that she got off the car before it stopped and while it was in motion, even if not weighty enough to prove the fact affirmatively in support of the defense of contributory negligence, upon which the defendant had the burden of proof, might nevertheless

be sufficient to balance the proof of the plaintiffs that she was caused to fall by the sudden movement backward when she was properly alighting, and if it would avail for that purpose, the plaintiff, who was required to prove the latter fact by a preponderance, must fail. The instruction was not erroneous in this particular. . (*Lincoln Tr. Co.* v. *Shepherd,* 74 Neb. 372, [104 N. W. 882, 107 N. W. 764].)

It did not purport to instruct the jury upon the subject of the burden of proof of contributory negligence, and it could not fairly have been understood by them as a direction that the defendant could establish that defense without proving it by a preponderance of the evidence. The circumstance that the fact that she alighted voluntarily while the car was moving, if proven, would constitute contributory negligence on her part, does not exclude the evidence of that fact from the consideration of the jury in rebuttal of the contrary theory that the car was at rest and suddenly started while she was alighting. No instruction as to the burden of proof of contributory negligence appears in the record, nor does it show that it contains all the instructions, or that any instruction on that subject was asked. In the absence of such request the plaintiffs cannot complain that none was given.

It is further claimed that the verdict was not justified by the evidence. It is sufficient to say that the evidence is conflicting and that the jury were the judges of the credibility of the witnesses. If they believed the testimony favorable to the defendant, they could not have properly returned a different verdict.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.