[L. A. No. 3346. Department Two.—October 1, 1914.]

## SARAH I. STEELE et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

NEGLIGENCE—STREET RAILWAY PASSENGER—INJURY WHILE ALIGHTING FROM CAR—PRESUMPTION OF NEGLIGENCE—INSTRUCTIONS.—Where, in an action against a street railway company by a passenger for personal injuries sustained in alighting from a car and falling to the ground, the evidence is sharply conflicting as to whether the car was stopped and was suddenly started while she was proceeding, as she claimed, to get off, or whether she attempted to alight from the car while it was still in motion as claimed by the defendant, it is error to instruct the jury that proof of the mere happening of the injury raises a presumption of negligence against the carrier.

ID.—INJURY TO PASSENGER—WHEN RAISES PRESUMPTION OF NEGLECT AGAINST CARRIER.—Where a passenger is injured in a collision or derailment of a train, or through the operation of the instrumentalities employed by a carrier in the conduct of its business of transporting him, proof of the collision, derailment, or accident, due to such instrumentalities, raises a presumption of negligence on the part of the carrier. It is not necessary, in such case, for the passenger to prove the cause of the collision, derailment, or other accident; it is sufficient for him to prove that it occurred, and such

proof makes a *prima facie* case of negligence on the part of the carrier, which throws upon it the duty of explaining how the accident occurred, and showing that it was the result of causes beyond the control of the carrier and so relieving it from responsibility.

ID.—INJURY TO PERSON ALIGHTING FROM CAR—PRESUMPTION OF NEGLIGENCE FROM STARTING OF CAR.—On proof that where a passenger was attempting to alight from a car on reaching his destination the car suddenly started, throwing him to the ground, a presumption of negligence on the part of the carrier is raised, because in the exercise of due care a car will not be started while the passenger is undertaking to get off. The passenger is therefore not required to prove why the car started, but simply the fact that it did start. Having done this, he makes a *prima facie* case of negligence against the carrier, and the burden of proof is then cast upon the latter to prove the cause of the starting, and that it occurred under such circumstances as relieved it from liability for any injury occasioned the passenger thereby.

ID.—PRESUMPTION OF NEGLIGENCE FROM INJURY TO PASSENGER—NECESSARY BASIS.—But in any case no presumption of negligence arises from the mere fact that the passenger was injured. There must be, in addition, proof, if the fact is controverted, that the injury proceeded from a collision or derailment of the train, or the starting of the car while the passenger was endeavoring to alight, before the presumption of negligence can be invoked, because it is only on such proof and a finding by the jury that the injury proceeded from such cause that the presumption arises.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

J. W. McKinley, R. C. Gortner, and W. W. Webster, for Appellant.

F. A. Knight, for Respondents.

LORIGAN, J.—This action is brought to recover damages for personal injuries sustained by plaintiff, Sarah I. Steele, through the alleged negligence of the defendant, and from a judgment entered on a verdict in favor of plaintiffs, defendant appeals.

The complaint alleged that while plaintiff, Mrs. Steele, was a passenger on a street-car of the defendant she notified the employees of defendant operating it that she desired to get off

at a certain point along its route which the car was approaching and where it regularly stopped; that the car was stopped when it reached said point and she proceeded to leave it, but without allowing her sufficient time to safely do so and while she was still on the steps of the car, the employees of defendant carelessly and negligently and suddenly started said car, in consequence of which and without any fault on her part, she was violently thrown to the street and greviously injured.

Defendant denied the charge of negligence, or that Mrs. Steele sustained the injuries claimed as a result thereof, and set up contributory negligence on her part in attempting to get off the car before it had stopped and while it was in motion.

There was no question but what Mrs. Steele was a passenger upon the car and that she was injured while attempting to alight from it, but on the issue as to whether the car was stopped and was suddenly started while she was proceeding, as she claimed, to get off of it, or whether she attempted to alight therefrom while it was still in motion, and hence was guilty of contributory negligence as claimed by defendant, the evidence was sharply conflicting.

In this state of the pleadings, the issues made, and the condition of the evidence, the court gave the following instruction:

"You are instructed that contributory negligence on the part of the plaintiff cannot be presumed from the mere fact of injury but must be proved. *On the other hand the proof of injury of plaintiff on a car of the defendant casts upon the defendant the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent or by the contributory negligence of the plaintiff.*"

The correctness of this instruction, as far as the italicized portion of it is concerned, is attacked by appellant, and whether this attack is justified is the sole point presented for consideration on this appeal. It will be noted that under the instruction the jury is told that the proof of the mere happening of an injury to a passenger on the car of a carrier raises a presumption of negligence on the part of the carrier, which casts the burden on it of proving that such injury was occasioned by inevitable casualty, or by contributory negligence on the part of the passenger. Appellant insists that under

the issues and evidence in the case such an instruction is erroneous, and we are satisfied that this claim must be sustained. We are not pointed by counsel for respondents to any case which declares that such a presumption of negligence on the part of the carrier arises from proof of the mere fact of injury itself to a passenger. The rule no doubt is that where a passenger is injured in a collision, or derailment of a train or through the operation of the instrumentalities employed by the carrier in the conduct of its business of transporting him, proof of the collision, derailment, or accident due to such instrumentalities raises a presumption of negligence on the part of the carrier. It is not necessary for the passenger to prove the cause of the collision, derailment, or other accident. It is sufficient for him to prove that it occurred, and such proof makes a *prima facie* case of negligence on the part of the carrier, which throws upon it the duty of explaining how it occurred, and showing that it was the result of causes beyond its control, and so relieving it from responsibility. The wisdom of this rule is apparent. The train being under the control of the carrier and the collision, derailment, or accident occurring while being operated by it, the causes therefor are peculiarly within the knowledge of the carrier. The passenger cannot ordinarily know how the accident occurred. Such accidents do not occur if ordinary care is used in the operation of trains, and it is only reasonable when they do occur to require an explanation of the causes thereof to be made by the one upon whom the duty is cast of avoiding them. (*MacDougald* v. *Central R. R. Co.*, 63 Cal. 431; *McCurrie* v. *Southern Pac. Co.*, 122 Cal. 558, [55 Pac. 324]; *Boone* v. *Oakland Transit Co.*, 139 Cal. 490, [73 Pac. 243]; *Kline* v. *Santa Barbara Ry. Co.*, 150 Cal. 741, [90 Pac. 125].)

Within this rule it is no doubt equally true that where a passenger is attempting to alight from a car on reaching his destination and the car suddenly starts, throwing him to the ground, that on proof of the fact of such starting up while he is endeavoring to alight, a presumption of negligence on the part of the carrier in such starting is raised, because in the exercise of due care a car will not be started while the passenger is undertaking to get off. The passenger is therefore not required to prove why the car started, but simply the fact that it did start. Having done this, he makes a *prima facie* case of negligence against the carrier, and the burden of proof

is then cast upon the latter to prove the cause of the starting, and that it occurred under such circumstances as relieved it from liability for any injury occasioned the passenger thereby. But in any case, no presumption of negligence arises from the mere fact that the passenger was injured. There must be, in addition, proof, if the fact is controverted, that it proceeded from a collision or derailment of the train or the starting of the car while the passenger was endeavoring to alight, before the presumption of negligence can be invoked, because it is only on such proof and a finding by the jury that the injury proceeded from such cause that the presumption arises. The rule in this regard is clearly stated in *Wyatt* v. *Pacific Electric Ry. Co.,* 156 Cal. 170, [103 Pac. 892], as follows:

"It is not the law, as the argument of the plaintiffs implies, that the mere fact that a passenger is injured while aboard a car, or while alighting therefrom, creates a presumption that the injury was caused by want of care on the part of the defendant operating such car. It must first be shown that the injury came from the movement of the car by those in charge of it, or from something connected therewith, or in control of the defendant. When this is done, the law then presumes, *prima facie,* that the particular thing thus shown to have caused the injury was due to the defendant's negligence, and the burden is thrown upon the defendant to disprove the *prima facie* case thus made. Such negligence is presumed because such accidents do not ordinarily happen if due care is used and because the defendant is usually better able than the plaintiff to show the actual truth of the matter. In *Griffin* v. *Manice,* 166 N. Y. 193, [82 Am. St. Rep. 630, 52 L. R. A. 922, 59 N. E. 925], the court, referring to this maxim, says: 'It is not the injury, but the manner and circumstances of the injury, that justifies the application of the maxim and the inference of negligence. If a passenger in a car is injured by striking the seat in front of him, that of itself authorizes no inference of negligence. If it be shown, however, that he was precipitated against the seat by reason of the train coming in collision with another train, or in consequence of the car being derailed, the presumption of negligence arises.' So here, the fact that the deceased was injured by falling to the ground, creates no presumption of negligence. But if it is also shown that the fall came about from the sudden starting of the car as she was stepping off the same, then it will be pre-

sumed that the sudden start was caused by defendant's neg-
ligence. But the proof of the injury, that is, the bruise or
hurt, or the proof that she fell to the ground, without proof
as to why she fell, raises no presumption either that she was
made to fall by the sudden starting of a car at rest, or by a
careless attempt to get off while it was in motion and before
it had stopped. (*Lincoln Tr. Co.* v. *Shepherd,* 74 Neb. 372,
[104 N. W. 882, 107 N. W. 764] ; *Saunders* v. *Chicago etc. Co.,*
6 S. D. 40, [60 N. W. 148].) ''

It is this erroneous assumption discussed in the Wyatt case
which is embodied in the instruction at bar. The vice of that
instruction arises from telling the jury that a presumption of
negligence on the part of the carrier arises from the mere
fact of injury to a passenger, when no such presumption arises
from that fact alone. In the case at bar proof of injury
alone had no tendency whatever to show how the accident to
plaintiff occurred. It was simply the result of an effort to get
off the car, and its happening no more tended of itself to prove
that it occurred from a sudden starting of the car while plain-
tiff was attempting to alight therefrom than that it resulted
from an attempt to do so while it was in motion. There was
no question in the case but that plaintiff was injured while
attempting to leave the car. The question was how did it
happen. Her injury alone could not raise the presumption of
the negligence of defendant, because whether that injury was
caused by the sudden starting of the car while plaintiff was in
the act of alighting therefrom or not was the very question
in the case. It was the crucial issue, and before the jury
would have been warranted in applying the presumption of
negligence against defendant, it was necessary for it to deter-
mine that issue in favor of the plaintiff—to find that the car
was in fact suddenly started by the employees of defendant
while plaintiff was attempting to alight therefrom. Such a
preliminary determination of the issue against defendant was
the essential foundation upon which alone the presumption
of negligence could arise, and the court should have so stated
in its instruction to the jury. It should have instructed them
that if upon this issue of fact between the parties,— namely,
whether the car did or did not start while plaintiff was at-
tempting to alight therefrom, they found that it did so start,
then that a presumption of negligence on the part of defend-
ant arose, and the burden was cast upon it of showing that it

arose from such cause which relieved it from responsibility for the injury to plaintiff. To instruct the jury that the mere fact of injury raised this presumption was to permit it to ignore the issue upon a finding of which adversely to defendant the presumption could alone be applied, and was for that reason error.

There were no other instructions given in the case under which it can be claimed that the error in giving this instruction was cured.

Counsel for respondents call our attention in their briefs to cases in which a similar instruction has been approved: *MacDougald* v. *Central R. R. Co.*, 63 Cal. 431; *Bush* v. *Barnett,* 96 Cal. 202, [31 Pac. 2] ; *Boone* v. *Oakland Transit Co.*, 139 Cal. 490, [73 Pac. 243] ; *Kline* v. *Santa Barbara Ry. Co.*, 150 Cal. 741, [90 Pac. 125] ; *Housel* v. *Pacific Electric Ry. Co.*, 167 Cal. 245, [51 L. R. A. (N. S.) 1105, 139 Pac. 73]. But in each of these cases it will be found on examination that there was no question but that the injury to the plaintiff was caused by collision or derailment of the car in which he was a passenger or while he was alighting from it. There was no issue in any of these cases as to how the injury occurred. Under such circumstances the giving of the instruction was proper. But this is not the situation here. Here the essential fact in issue was, how did the accident occur; was it through the act of defendant in starting up the car while plaintiff was attempting to alight, or did it result from an attempt on her part to get off while it was still in motion? and the vice of the instruction was in ignoring any necessity on the part of the jury of finding adversely to the defendant on this issue as a prerequisite to applying the presumption against it, but on the contrary instructing them that such presumption arose and could be applied simply from proof of injury sustained by the plaintiff.

The judgment appealed from is reversed.

Henshaw, J., and Melvin, J., concurred.