[L. A. No. 6436. Department One.—July 26, 1921.]

## JOHN F. HOLLOWELL et al., Respondents, v. ADRIEN E. CAMERON, Appellant.

[1] NEGLIGENCE—EVIDENCE—BURDEN OF PROVING CONTRIBUTORY NEGLIGENCE.—In an action for damages for personal injuries, the burden of proving contributory negligence is upon the defendant.

[2] ID.—AUTOMOBILE COLLISION—VISIBILITY OF TAIL-LIGHT OF PLAINTIFF'S MACHINE—BURDEN OF PROOF.—Where in an action for damages for personal injuries received in a collision of automobiles the evidence of the plaintiff was sufficient to justify the jury in finding that the proximate cause of the accident was the negligence of the defendant in driving his car at an excessive rate of speed, it devolved upon him to prove affirmatively his claim that the plaintiff was guilty of contributory negligence in failing to have the tail-light of his automobile visible for five hundred feet in the rear as required by law, and having failed to make such proof, he will not be heard to charge the omission of the proof to the plaintiff.

[3] ID.—CHARACTER OF TAIL-LIGHT—INSTRUCTION.—In such action, it was not error to refuse to give an instruction to the effect that a failure to carry a tail-light which would comply with the double requirement of the Motor Vehicle Act of exhibiting a red light visible five hundred feet to the rear and a white light illuminating the number plate to make it visible fifty feet to the rear, would be contributory negligence, where there was no evidence as to whether the tail-light was so constructed as to show the number, or that it did not show the number at the time of the collision.

---

2. Neglect to comply with legal requirements as to lights as affecting right of operator or owner of automobile to recover for negligence, note, 14 A. L. R. 794.

3. Validity and construction of regulations as to lights on automobiles, note, L. R. A. 1918B, 828.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Brinton Gregory and Fred W. Morrison for Respondents.

LAWLOR, J.—The plaintiffs, husband and wife, brought this action against the defendant for damages for personal injuries received by them in an automobile collision, and for injury to the machine in which they were riding. The case was tried by jury and judgment was entered upon a verdict in favor of plaintiffs. The defendant appeals.

About 8 o'clock on the evening of July 1, 1917, respondents were riding in their Ford automobile along Avenue 64, between Los Angeles and Pasadena, and with them was their fifteen months old grandson. Mr. Hollowell was driving, and the machine was traveling at a rate of about twenty miles an hour. He drove to one side to pass another machine, driven by one William Clark Houston, and had just swung back to the right side of the road, when appellant, in a Stutz car, came up from behind and crashed into the rear end of the Ford. The Ford was overturned and damaged, and respondents were both injured, Mrs. Hollowell being thrown through the top of the car. The baby escaped injury. Mr. Houston testified: "I saw Mr. Cameron before I got to the accident; he passed me also. I did hear a noise coming before he reached me. I heard a terrific blowing of the horn. . . . He was going fifty miles an hour if he was going a mile." Henry W. Baker testified: "No, I do not know how fast he was driving. . . . I saw he was driving at a terrible rate of speed." Appellant testified: "I was driving around thirty miles an hour, but not in excess of thirty."

Appellant bases his claim for reversal upon three contentions—(1) insufficiency of the evidence to justify the verdict, (2) that the verdict is against the law and the evidence, and (3) that certain instructions were erroneous.

1. First as to the sufficiency of the evidence. We quote from appellant's brief: "The entire testimony of both plaintiff and defendant centered around the light on the rear of

the machine of the plaintiff. Witnesses for the plaintiff testified that he did have a tail-light on the automobile, but a search of the record will not disclose that any witness for the plaintiff testified that he had a tail-light on his Ford visible for five hundred feet in the rear, as the law requires." Respondent testified in part as follows: "Q. The front lights you can light from the inside of the car? A. Yes, sir. Q. The tail-light, you have to get out? A. I would like to make a statement about when I lighted the tail-light. Q. When did you light the tail-light? A. On Fremont Street, about one hundred feet from Third Street, near the Friends Church, here in Los Angeles. Q. At what time of night or day? A. 7:45 or a quarter to 8. I know that because I looked at my watch at that time. Q. How did you happen to look at your watch then? A. Because I had not taken the time of day, and that is how I happen to. . . . It was 7:45. . . . The tail-light was in good condition, because I had cleaned it and put oil in that morning." William Clark Houston testified: "He [Mr. Hollowell] did drive over on to the right-hand side of the road when he passed me. His tail-light was lit at that time," and that "I saw the tail-light on the Ford and it was lighted." It follows that the implied finding of the jury that the Ford carried a lighted tail-light is supported by the evidence.

Next as to the claim that no witness for respondents testified that the tail-light was visible for five hundred feet to the rear. It is true that neither the transcript nor the briefs contain any such evidence. [1] But the burden of proving contributory negligence was upon appellant. In *Schneider* v. *Market St. Ry. Co.*, 134 Cal. 482, [66 Pac. 734], it was said: "It remains to consider the question of alleged contributory negligence on the part of the plaintiff's decedent. In considering this, it is important to bear in mind that such negligence is a matter of defense, to be proved affirmatively by the defendant, and hence that the burden of proof is on him. [Citing cases.] 'In this state . . . it is sufficient for the plaintiff to show, in the first instance, that the injury resulted from the negligence of the defendant.' (*Smith* v. *Occidental S. S. Co.*, 99 Cal. 468, [34 Pac. 84]; and see, also, Shearman & Redfield on Negligence, secs. 107–109, there cited.) . . . It must also appear affirmatively, in the same conclusive way, that the negligence of the plaintiff was, in

whole or in part, the proximate cause of the injury, or in other words, that it contributed to that effect. (*Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 468, [34 Pac. 84].)'' In *Gay* v. *Winter,* 34 Cal. 153, the court declared: ''In the absence of any direct proof we are of the opinion that the jury are at liberty to infer ordinary care and diligence on the part of the plaintiff from all the circumstances of the case—his character and habits and the natural instinct of self-preservation. To hold otherwise would be in effect to presume negligence on the part of one in excuse of negligence on the part of another.'' In *McDougall* v. *Central R. R. Co.,* 63 Cal. 431, the court said: ''Of course, the circumstances, as related by the plaintiff's witnesses, will often satisfy the court or jury that plaintiff has been guilty of such contributory negligence as will prohibit a recovery.'' The jury was repeatedly instructed that if the tail-light on the Ford was not lighted, or if it did not have a light plainly visible for five hundred feet to the rear, then respondent was guilty of negligence. [2] It is clear that the evidence offered by respondent does not tend to establish contributory negligence and that it was sufficient to justify the jury in finding that the proximate cause of the accident was the negligence of appellant in driving the Stutz car at an excessive rate of speed. Hence, it devolved upon appellant to prove affirmatively that the red light was not visible five hundred feet to the rear, and having failed to do so, he will not be heard to charge the omission of the proof to respondents.

2. In view of what we have already said, the contention of appellant that ''the verdict is against the law and the evidence'' must be held to be without merit.

3. Appellant's final contention is that ''the court charged the jury that certain acts of the defendant might or might not constitute negligence and named the elements mentioned in the statute, but in charging the negligence which rested upon the plaintiff (and the negligence of both the plaintiff and defendant is created entirely by statute in so far as this case is concerned), we find the court leaves out one of the essential elements in so far as plaintiff is concerned, to wit, that of placing a light of such character and description that its strength might not only be tested by the red light shining five hundred feet in the rear but by the white light which must display the numbers for a distance of at least fifty

feet to the rear." Appellant bases this contention on the provisions of the Motor Vehicle Act (sec. 13, Stats. 1915, p. 405), to the effect that the tail-lamp shall exhibit a red light plainly visible for a distance of five hundred feet toward the rear, "and so constructed and placed that the number plate carried on the rear of such motor vehicle shall be illuminated by a white light in such manner that the number thereon can be plainly distinguished . . . at a distance of not less than fifty feet toward the rear."

[3] The court charged the jury that if the Ford did not have a tail-light visible five hundred feet in the rear, or if it did have and it was not lighted, respondent was guilty of negligence, and that such negligence proximately contributed to the injury. In connection with this point appellant assigns error to the refusal of the court to give an instruction to the effect that a failure to carry a tail-light which would comply with the double requirement of exhibiting a red light visible five hundred feet to the rear, and a white light illuminating the number plate to make it visible fifty feet to the rear, would be contributory negligence. We do not understand appellant to complain of the instructions concerning the red light. Respondent's answer to these contentions is that even if the tail-light was not so constructed and placed with reference to the number, this was not the proximate cause of the accident, and that, in addition, there is no testimony that the light was not so constructed and placed. It is true the instruction given does not specifically refer to the white light. But, as we have shown, the burden of proving contributory negligence was on appellant, and we cannot find any evidence as to whether or not the tail-light was so constructed and placed as to show the number, or that it did not show the number on this occasion.

Judgment affirmed.

Shaw, J., and Shurtleff, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Angellotti, C. J., who was absent.