[Civ. No. 4281.  Second Appellate District, Division One.—October 3, 1924.]

RUSSELL GRAY, Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

[1] NEGLIGENCE—INJURY WHILE ALIGHTING FROM STREET-CAR—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—ERRONEOUS INSTRUCTION.—In an action for damages for personal injuries claimed to have been sustained by plaintiff by reason of the negligent operation of a street-car of the defendant railway company, where the cause of the accident to plaintiff is in dispute between the parties, and the evidence as to how the accident occurred—whether caused through the negligent operation of the street-car, or by reason of the act of plaintiff in alighting from the car while it was in motion —is conflicting, it is prejudicial error to instruct the jury that "Contributory negligence on the part of a passenger cannot be presumed from the mere fact of injury, but must be proved. On the other hand, the proof of an injury of a passenger on the car of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent or by contributory negligence of the plaintiff, unless the proof on the part of plaintiff tends to show that the injury was occasioned by the contributory negligence of the passenger or by inevitable casualty or by some other cause which human care and foresight could not prevent."

[2] ID.—SPECIAL FINDINGS — ERROR NOT RENDERED HARMLESS. — In such action, the error of the trial court in giving such instruction casting upon defendant the burden of proof is not rendered harmless by the findings of the jury, in response to special interrogatories, to the effect that immediately before the accident occurred the street-car was not stopped a reasonably sufficient time to permit the plaintiff to alight therefrom, and that after the car was stopped plaintiff did not voluntarily remain standing on its bottom step, as such findings do not answer the question as to how the accident occurred.

(1) 10 C. J., p. 1089, sec. 1476, p. 1094, sec. 1479.  (2) 4 C. J., p. 1047, sec. 3028.

1. Instruction as to contributory negligence where burden on defendant, note, 33 L. R. A. (N. S.) 1178.  See, also, 19 Cal. Jur. 765–767.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, Norman S. Sterry and J. Karl Lobdell for Appellant.

I. Henry Harris and John L. Richardson for Respondent.

HOUSER, J.—Plaintiff brought action against the defendant for damages claimed to have been sustained by plaintiff by reason of the alleged negligence of the defendant in its operation of a street-car on which plaintiff was a passenger.

The accident occurred near a street intersection where plaintiff desired to alight from the street-car. The principal issue on the facts of the case was whether plaintiff received his injuries by reason of the fact that he stepped off the street-car while it was in motion, or whether plaintiff was thrown from the street-car because of its negligent operation by the defendant. The case was tried by the court sitting with a jury, which returned a verdict in favor of plaintiff. The defendant appeals from the judgment, and urges prejudicial error in the giving of certain instructions to the jury at plaintiff's request, as well as in the refusal by the court to give to the jury certain other instructions at the request of the defendant. [1] Special attention is directed by the appellant to the following instruction given to the jury at plaintiff's request:

"Contributory negligence on the part of a passenger cannot be presumed from the mere fact of injury, but must be proved. On the other hand, the proof of an injury of a passenger on the car of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent or by contributory negligence of the plaintiff, unless the proof on the part of plaintiff tends to show that the injury was occasioned by the contributory negligence of the passenger or by inevitable casualty or by some other cause which human care and foresight could not prevent."

The criticised instruction is identical with that given to the jury on the trial of the case of *Boone* v. *Oakland Transit Co.,* reported in 139 Cal., at page 490 [73 Pac. 243]. However, it appears that the facts in the two cases differ in that in the Boone case there was no question as to the manner in which the accident occurred, and the opinion therein, while recognizing the accuracy of the law as stated in the instruction, limited its application to the facts as shown by the record.

That the rule as laid down in the Boone case is too broadly stated is shown by an examination of the case of *Wyatt* v. *Pacific Electric Ry. Co.,* 156 Cal. 170 [103 Pac. 892], where it appears that a passenger was injured in attempting to alight from one of the defendant's street-cars. In commenting upon the presumed negligence of the defendant arising solely from the happening of the accident, the court said, in part:

"It is not the law, as the argument of the plaintiff implies, that the mere fact that a passenger is injured while aboard a car, or while alighting therefrom, creates a presumption that the injury was caused by want of care on the part of the defendant operating such car. It must first be shown that the injury came from the movement of the car by those in charge of it, or from something connected therewith, or in control of the defendant. . . . The fact that the deceased was injured by falling to the ground, creates no presumption of negligence. But if it is also shown that the fall came about from the sudden start of the car as she was stepping off the same, then it will be presumed that the sudden start was caused by the defendant's negligence. But the proof of the injury, that is, the bruise or hurt, or the proof that she fell to the ground, without proof as to why she fell, raises no presumption either that she was made to fall by the sudden starting of a car at rest, or by a careless attempt to get off while it was in motion and before it had stopped."

The case of *Steele* v. *Pacific Electric Ry. Co.,* 168 Cal. 375 [143 Pac. 718], is in point. The facts were very similar to those in the instant case in that the question was whether the passenger alighted from a moving car, or whether she was thrown from the car by reason of its negligent operation. After a thorough and most painstaking consideration by the court, an instruction identical with that herein of which

complaint is made by the appellant, was held to be prejudicial error. The same conclusion was reached on similar facts with an identical instruction in the still later case of *Graff* v. *United Railroads of San Francisco,* 178 Cal. 171 [172 Pac. 603].

By virtue of the instruction to which reference has been had and which was given to the jury, the burden was cast upon the defendant, which, in the absence of proof that plaintiff did not receive the injuries while in the act of alighting from the car while it was in motion, it was not primarily called upon to bear. The cause of the accident to plaintiff was in dispute between the parties, and the evidence as to how the accident occurred was conflicting. Before the general rule making the defendant liable would apply, it would be necessary that the fact be determined by the jury that the accident was caused through the negligent operation of the street-car, rather than by reason of the act of the plaintiff in alighting from the car while it was in motion. The instruction had the effect of a determination of the fact by the court in advance of any consideration thereof by the jury, and took from the defendant one of its substantial rights in the premises. Had not the jury been told that the mere fact that plaintiff was injured cast upon the defendant the burden of clearing itself from blame in the matter, a different verdict, to the advantage of the defendant, might well have been reached by the jury.

[2] It is, however, contended by respondent that, even assuming that the instruction was erroneous in itself, still the error was harmless, in view of the answers which the jury gave to two special interrogatories submitted to it to the effect that immediately before the accident occurred the street-car was not stopped a reasonably sufficient time to permit the plaintiff to alight therefrom; and that after the street-car was stopped, plaintiff did not voluntarily remain standing on its bottom step. But the fact that the car was not stopped for a time reasonably sufficient to enable plaintiff to safely alight therefrom does not at all answer the question as to whether plaintiff stepped from the car while it was in motion, or whether he was thrown from it by reason of the negligent operation of the car. Nor is it apparent in what respect either of those questions is affected by the

conclusion by the jury that after the car was stopped plaintiff did not voluntarily remain standing on the bottom step thereof. It still does not appear but that thereafter either he could have been thrown from the car by reason of the manner of its operation, or that he reasonably might as well have alighted from the car after and while it was again in motion.

Because of the conclusion reached herein to the effect that the instruction to which we have referred amounted to prejudicial error, it becomes unnecessary to pass upon other alleged errors occurring on the trial of the action.

The judgment is reversed.

Conrey, P. J., and Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 1, 1924.

All the Justices concurred.