[Civ. No. 10760. First Appellate District, Division Two.—November 4, 1938.]

AMALIE RIIS, Respondent, v. YELLOW CAB COMPANY OF ALAMEDA COUNTY (a Corporation) et al., Appellants.

Crosby & Crosby for Appellants.

Elliott Johnson, Geary & Geary and D. W. Brobst for Respondent.

SPENCE, J.—Plaintiff sued to recover damages for personal injuries alleged to have been sustained as a result of the negligence of defendants. Upon a trial by jury, plaintiff had judgment against the defendant Yellow Cab Company and defendant P. Hollinger, the driver of the cab. Defendants appeal from said judgment.

The accident occurred at about 11 o'clock on a rainy night as plaintiff and two women companions were leaving the Auditorium Theater in Oakland. They hailed a cab and it drew up to permit them to enter. The driver got out of the

cab, opened the door and stood behind the door with his hand on the door handle ready to close the door with a forward movement after the passengers had entered. Plaintiff's companions entered the cab and plaintiff was in the act of entering. She placed her right hand on the sill of the door, placed her left foot on the running board and as she lifted her right foot from the ground, the door moved forward, her hand slipped, and she fell to the ground.

The sole contention of appellants is that the evidence was insufficient to support the judgment. They cite and rely upon *Wyatt* v. *Pacific Elec. Ry. Co.*, 156 Cal. 170 [103 Pac. 892], and *Steele* v. *Pacific Elec. Ry. Co.*, 168 Cal. 375 [143 Pac. 718]. We do not believe that said authorities sustain appellants' contention. Respondent did not rest her case upon the doctrine of *res ipsa loquitur*, but claimed that there was sufficient evidence from which the jury could infer that the driver negligently started to close the door before respondent had gotten into the cab thereby causing the injuries. We believe that such inference could properly be drawn and therefore the evidence cannot be said to be insufficient.

The judgment is affirmed.

Sturtevant, J., concurred.

Nourse, P. J., concurred in the judgment.