## SHARP v. MAGUIRE et al.

A SUIT is commenced within the Limitation Act of 1850 by simply filing the complaint. To prevent the bar of the statute, no other proceeding is necessary.

For all other purposes, except to prevent the bar of the statute, an action can be commenced only by filing the complaint and issuing a summons, unless a defendant voluntarily appear and plead without summons, when he can compel plaintiff to proceed with the case.

APPEAL from the Fourth District.

The facts are stated in the opinion of the Court. Plaintiff had judgment. Defendants appeal.

*J. B. Hart*, for Appellants.

*R. H. Lloyd*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The promissory note upon which this action is brought bears date of the twenty-third of June, 1852, and is payable thirty days after date. It matured, therefore, on the twenty-sixth of July following, and the complaint was filed on the twenty-second of July, 1856— within the period prescribed by the statute for the commencement of actions upon " any contract, obligation or liability founded upon an instrument of writing." The action was commenced, within the meaning of the statute, by the filing of the complaint. Such is indeed the express language of the twenty-first section. To prevent the bar of the statute, no other proceeding was necessary. For all other purposes, an action can only be commenced by the filing of a complaint and the issuance of a summons, unless a defendant voluntarily appear and plead without summons, as he is allowed to do, and by which means he can compel the plaintiff to proceed with the case. (See Statute of Limitations of April 22d, 1850, secs. 17 and 21; Civil Prac. Act, sec. 22, as amended in 1855; *Flandreau* v. *White*, 18 Cal. 639.)

Judgment affirmed.