## W. W. ALLEN v. L. P. MARSHALL.

STATUTE OF LIMITATIONS.—Where an action on a promissory note was commenced by filing a complaint within four years after the note became due, and a summons was issued within one year thereafter, but not until after the expiration of said four years : *held*, that this was sufficient, and the cause of action was not barred by the statute.

AMENDMENT OF COMPLAINT. — The plaintiff may amend his complaint without leave of Court, at any time before issuing a summons, where there has been no appearance of the defendant.

APPEAL from the District Court, Seventh Judicial District, Solano County.

On the 28th day of February, 1865, the plaintiff filed his complaint to recover the amount of a promissory note dated March 1st, 1861, and payable on demand. On the 9th of June, 1865, a summons was issued, and thereafter defendant demurred to the plaintiff's complaint. The complaint was amended so far as necessary to meet the point taken upon said demurrer, and subsequently the defendant answered, setting up the Statute of Limitations as a defense, upon an allegation that the original complaint had not been duly filed; had been mutilated by amendment before summons had been issued thereon, and without leave of Court, and that said amendments were made more than four years after a cause of action had accrued on said note, and that said original complaint did not state facts sufficient to constitute a cause of action against the defendant. Upon the trial the Court below held the original complaint a nullity, and allowed an amendment, alleging a new promise, to bring the case within the Statute of Limitations.

The plaintiff had judgment in the Court below. The defendant moved for a new trial. The motion was denied by the Court, and the defendant appealed from the judgment and the order of the Court denying a new trial.

The other facts are sufficiently stated in the opinion of the Court.

*Thomas M. Swan,* for Appellant.

*Wells & Hays*, for Respondent.


By the Court, SAWYER, J. :

Action on a promissory note; defense—Statute of Limitations. The note was executed March 1st, 1861, and bears that date upon its face. It is payable on demand. The original complaint appears by the record—the filing indorsed thereon attested by the signature of the Clerk—to have been filed on the 28th of February, 1865. This is within the four years prescribed by the statute, and is in time. It is averred in the answer that no summons issued till June, 1865, after the four years had expired. Whether this averment is true, or not, can make no difference, for, under the twenty-first section of the Statute of Limitations, " an action shall be deemed to be commenced, within the meaning of this Act, when the complaint has been filed in the proper Court." (Stat. Lim., Sec. 21; *Sharp* v. *Maguire,* 19 Cal. 577; *Pimental* v. *City of San Francisco,* 21 Cal. 367.) And the summons was issued within a year—in time to preserve the action. (Practice Act, Section 23.) If we were permitted to take the facts as averred in the answer, against the record itself, as to the filing of the first complaint, it still appears from the amendments to the answer, that the plaintiff on the 28th of February, 1865, actually " placed on file in the Clerk's office of this Court what purported to be a complaint against the defendant." A copy of the complaint thus filed is then set out, and it is shown that it was subsequently altered, or amended, before summons issued or appearance by the defendant. There was then, according to defendant's own averments, a complaint actually filed, and this is sufficient to secure the rights of the plaintiff. The fact that the plaintiff files an amended complaint, properly or improperly, or several of them, as in this instance, does not affect the question; for the action is commenced, within the meaning of the statute, when the original complaint is filed.

A party may amend without leave of the Court before summons issued, when there has been no appearance by the defendant.   Whether he is authorized to mutilate the records of the Court in amending either when he amends with, or without, leave, is not a question that arises here.   It is a question between the party and the Court.

If conceded to be true, we do not think the facts averred in the answer respecting the filing of the complaint sufficient to show that the cause of action was barred.   It is, therefore, unnecessary to consider the ruling of the Court relating to the new promise.   As to the Statute of Limitations, the judgment is correct upon the pleadings.

We find no other point suggested in the record having the semblance of plausibility.

Judgment and order denying a new trial affirmed.