# LINK v. JARVIS.

## No. 18,045; June 3, 1893.

### 33 Pac. 206.

**Pleading — Amendment — Discretion.—Applications to Amend Pleadings** are addressed to the discretion of the trial court, and should be allowed at any stage of the trial, when necessary for the purposes of justice.

**Pleading—Form of Action.—A Complaint Which Sets Out** that defendant received plaintiff's money under an agreement which he afterward refused to perform, and asks damages for the breach, does not state a cause of action sounding in tort.

**Statute of Limitations—When Begins to Run.—Where Money is Given** under an agreement that the person who receives it will do certain things, and he fails to perform his agreement, the statute of limitations will not commence to run against the claim of the person who gave money until there is a refusal to perform the contract.

**Statute of Limitations.—Where an Amended Complaint is Filed** which does not state a new cause of action, nor bring in new parties, it relates back to the filing of the original complaint, and the statute of limitations ceases to run against plaintiff's claim at the date of filling the original complaint.

**Interest.—In an Action to Recover Money Given Under an Agreement** that the person who received it would do certain things, where such person has refused to perform his agreement he is chargeable with interest on the sum received from the time of such refusal.

APPEAL from Superior Court, San Joaquin County; Joseph H. Budd, Judge.

Action by Sylvester Link against Dustin Jarvis to recover money given under an agreement that defendant would do cer-

tain things for plaintiff. Judgment was rendered for plaintiff, and from such judgment, and an order denying a motion for a new trial, defendant appeals. Affirmed.

J. M. Kile and M. De Vries for appellant; Loutitt, Woods & Lezinsky for respondent.

BELCHER, C.—This action was commenced on July 12, 1889, to recover the sum of $600, money had and received by the defendant for the use and benefit of the plaintiff. Issue was joined, and when the case came on for trial, on the objection of the defendant, the testimony on the part of the plaintiff was excluded by the court, as not admissible under the complaint. The plaintiff thereupon asked leave to file an amended complaint, and, over the objection of defendant, his application was granted, on condition that he pay all costs of the action up to the time of filing the amendment. The costs were paid, and amended complaint was filed September 18, 1890. The new complaint alleged that in October, 1887, the plaintiff gave to the defendant the sum of $600, under an agreement that defendant would do for the plaintiff certain specified things; that plaintiff afterward demanded of defendant that he perform his agreement, but that he then refused, and has ever since refused, to do so, to plaintiff's damage in the sum of $600, for which he asked judgment, with interest. The defendant answered to the complaint, and, among other defenses interposed, pleaded in bar of the action subdivision 1 of section 339 of the Code of Civil Procedure. The case was tried by the court, and all the findings were in favor of the plaintiff. Among other things, the court found that the plaintiff made frequent demands of the defendant that he comply with his agreement, but that he continuously neglected and delayed so to do, and on October 1, 1888, finally and absolutely refused so to do, and that the action was not barred by the section of the code pleaded. Judgment was accordingly entered in favor of the plaintiff for the sum prayed for, with interest thereon from October 1, 1888. From the judgment so entered, and an order denying his motion for new trial, the defendant appeals.

The first point made for a reversal is that the court erred in allowing the plaintiff to amend his complaint, after having proceeded to trial upon the original complaint and answer.

There was no error in the ruling complained of. The code provides that courts may allow amendments to pleadings "upon such terms as may be just" (Code Civ. Proc., sec. 473), and the rule is well settled that applications to amend pleadings are addressed to the discretion of the trial court, and should be allowed at any stage of the trial, when necessary for the purposes of justice: Farmers' Nat. Gold Bank v. Stover, 60 Cal. 387; Walsh v. McKeen, 75 Cal. 519, 17 Pac. 673; Guidery v. Green, 95 Cal. 630, 30 Pac. 786.

The next point is that the court erred in allowing the amended complaint to be filed, because the action was thereby changed from one ex contractu to one in tort. It is true that such an amendment would not be allowable, but we do not think the amended complaint states a cause of action sounding in tort. It simply sets out that defendant received the plaintiff's money under an agreement, which he afterward refused to perform, and asks damages for the breach. This no more sounds in tort than did the action for money had and received.

The point is also made that the court erred in finding that the action was not barred by the statute of limitations; and it is argued that the statute began to run when defendant received the money, and continued to run until the amended complaint was filed, and that as more than two years elapsed between those dates, the action was barred. But the statute did not begin to run until the defendant refused to perform his agreement, and that, as found by the court, was less than two years before the amendment was filed. Besides, an amended complaint relates back to the commencement of the action, if a new cause of action is not pleaded, and new parties are not brought in; and in such case the statute ceases to run when the original complaint is filed: Barber v. Reynolds, 33 Cal. 497; Allen v. Marshall, 34 Cal. 165; Lorenzana v. Camarillo, 45 Cal. 125.

Another point urged for a reversal is that the court erred in allowing the plaintiff interest on the amount claimed from October 1, 1888. But it was proved by the plaintiff, and found by the court, that plaintiff made frequent demands upon the defendant that he perform his agreement, and that defendant put him off, from time to time, until October 1, 1888, and then absolutely refused to perform it. If this was so, plaintiff was certainly entitled to interest from that date.

Finally, it is insisted that the findings were not justified by the evidence. It was admitted by defendant that he received $600 of the plaintiff's money, but claimed that the money was paid to him upon conditions which justified him in retaining it. It would subserve no useful purpose to set out the testimony, but, in our opinion, the judgment cannot be disturbed on this ground.

The appeal from the judgment was taken more than a year after judgment was entered, and should be dismissed, but the order denying a new trial should be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal from the judgment is dismissed and the order denying a new trial is affirmed.