[Civ. No. 4118. First Appellate District, Division Two.—February 21, 1922.]

CHARLES F. ZERBE, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), et al., Appellants.

[1] NEGLIGENCE — PROOF OF INJURY TO PASSENGER — BURDEN OF PROOF ON COMMON CARRIER—INSTRUCTIONS.—While an instruction that "the proof of an injury to a passenger on the car or vehicle of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty, or some other cause which human care or foresight could not prevent, or by the contributory negligence of the passenger," is a little broader than warranted by the law, in that it does not state that the injury must be shown to have been caused by the operation by the common carrier of the instrumentality under its exclusive control, that defect is remedied by a statement, immediately following that instruction, of the true rule in the form in which it has been approved in this state.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott and K. W. Cannon for Appellants.

Reisner & Honey for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for seven thousand five hundred dollars, damages for personal injuries received by the plaintiff while he was a passenger upon a street-car owned and operated by the United Railroads of San Francisco and in charge of the other defendant, who was the motorman upon said car.

The accident out of which the action grew occurred on July 13, 1918, at Walridge and Schwerin Streets, in San Francisco, in a region known as the Visitacion Valley. At the time of the accident, the street-car on which plaintiff was riding was crowded with employees of the Schaw-Batcher Iron Works, on their way to their work. After descending a steep grade, the car overturned on a curve and injured many of the occupants.

Plaintiff contended that the motorman negligently and carelessly operated said car at an excessive rate of speed, which caused it to be derailed and overturned when it struck the curve in the track. The theory of the defendants was that some unknown passenger on the car, maliciously and willfully, had tampered with the air-braking equipment, rendering it useless and resulting in the accident.

It is unnecessary for us to discuss the facts in further detail, because a consideration of the points urged by appellant do not require it. Appellants make but two points upon this appeal: first, that the trial court erred in giving certain instructions to the jury, and, second, that the trial court erred in refusing an instruction requested by the defendants.

[1] The instructions given, of which complaint is made, are as follows:

"Contributory negligence on the part of a passenger cannot be presumed from the mere fact of an injury, but must be proved. On the other hand, the proof of an injury to a passenger on the car or vehicle of a common carrier, casts upon the common carrier the burden of proving that

the injury was occasioned by inevitable casualty, or some other cause which human care or foresight could not prevent, or by the contributory negligence of the passenger. You are not to understand this instruction to mean that the burden of proof is shifted to the defendant under circumstances such as are here referred to. The rule of law applicable to such a case has been stated as follows:

" 'When a thing which causes injury, without fault of the injured person is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care.' The effect of this rule in a case to which it applies is to cast upon the defendant the burden of meeting a *prima facie* case.''

''The proof of injury to a passenger on a street-car of a common carrier caused by the operation thereof by the carrier casts upon the carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not reasonably prevent; or by the contributory negligence of the passenger.''

While the statement of the rule in the first paragraph of the above-quoted instruction is a little broader than warranted by the law, in that it does not state that the injury must be shown to have been caused by the operation by the common carrier of the instrumentality under its exclusive control, that defect is remedied beyond any question of doubt, in the second paragraph of the instruction, where the true rule is stated in the form in which it has been approved, frequently, in this state. Furthermore, the facts of the case show, without contradiction, that the plaintiff was injured through the operation of an instrumentality under the exclusive control of the defendant United Railroads of San Francisco.

Appellants' objection to the foregoing instructions is that they are charges upon the weight of the evidence, and, as such, are invasive of the province of the jury.

Since substantially the same instructions have been carefully considered and discussed in numerous cases which are authorities in this state, it would seem a useless proceeding for us to restate the reasons given in those cases upon which

the instructions were held to be proper. The following cases, and others, have settled, in this state, the propriety of the instructions of which complaint is made: *Campbell* v. *Bradbury,* 179 Cal. 364, 373 [176 Pac. 685]; *Worden* v. *Central Fireproof Co.,* 172 Cal. 94, 96 [155 Pac. 839]; *Steele* v. *Pacific Electrical Co.,* 168 Cal. 375, 378 [143 Pac. 718]; *Wyatt* v. *Pacific Electrical Co.,* 156 Cal. 170, 174, 175 [103 Pac. 892]; *Renfro* v. *Fresno City Ry.,* 2 Cal. App. 317 [84 Pac. 357]; *Boone* v. *Oakland Transit Co.,* 139 Cal. 490, 494 [73 Pac. 243]; *Bosqui* v. *Sutro R. Co.,* 131 Cal. 390, 400 [63 Pac. 682]; *Bush* v. *Barnett,* 96 Cal. 202 [31 Pac. 2]; *Boyce* v. *California Stage Co.,* 25 Cal. 460, 468; *Cody* v. *Market St. Ry.,* 148 Cal. 90 [82 Pac. 666].

Appellant meets these cases by stating that the attack made upon the instructions in the present case was not made in the cases cited. Much reliance is placed upon the case of *Davis* v. *Hearst,* 160 Cal. 143 [116 Pac. 530], and the distinction therein pointed out between a presumption and an inference. But whether or not the present objection was urged in the above-cited cases, it is certain that that objection was ably presented by the same counsel in the recent case of *Jones* v. *United Railroads,* 54 Cal. App. 744 [202 Pac. 919], and this matter formed a part of the structure of the dissenting opinion filed in said case. The same matters were then forcefully advanced before the supreme court in a petition for a hearing by that court after decision by the district court of appeal, and the supreme court, in denying that petition, impliedly declared that an instruction similar to the one we are here considering was impervious to this attack.

The matter is, therefore, not open for further argument and this court is bound by the authorities above cited.

As to the further point urged by appellants, that the court erred in refusing an instruction offered by defendants, it is only necessary to say that the question of law involved in this instruction was fully covered by another instruction given by the court, and that the defendants' theory of the case was given to the jury in several instructions contained in the record.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.