[Civ. No. 4664. Second Appellate District, Division One.—April 7, 1927.]

## HATTIE L. SENEY, Respondent, v. PICKWICK STAGES NORTHERN DIVISION, INC., Appellant.

[1] NEGLIGENCE — COMMON CARRIER — OVERTURNING OF VEHICLE—RES IPSA LOQUITUR—PLEADING.—The overturning of a vehicle operated by a common carrier raises an inference of negligence under the doctrine of res ipsa loquitur; and that doctrine applies even though there be specific as well as general allegations of negligence in the complaint, but such doctrine does not apply where the allegations of negligence are specific only.

[2] ID.—OVERTURNING OF AUTOSTAGE—DEATH OF PASSENGER—RES IPSA LOQUITUR—PLEADING—EVIDENCE.—In this action for damages for the death of a passenger on an autostage, the allegation in the complaint that defendant operated the stage "in such a careless, reckless, wanton and negligent manner that said auto-stage was overturned" and deceased was instantly killed, did not deprive plaintiff of the benefit of the doctrine of res ipsa loquitur; neither was plaintiff deprived of the benefit of such doctrine by reason of the fact that plaintiff went further than required in proving her prima facie case in offering some testimony as to the manner in which the overturning occurred, where such proof was a part of the res gestae and did not disclose the cause of the overturning as a definite fact.

[3] ID. — BURDEN OF PROOF — RES IPSA LOQUITUR—PRIMA FACIE CASE.—The burden of proof remains at all times upon the plaintiff; and the doctrine of res ipsa loquitur does not shift this burden, but merely establishes a prima facie case of negligence which the defendant is bound to meet, and all that is required of

1. Presumption of negligence from accident or injury to passenger, notes, 20 Am. St. Rep. 679; 113 Am. St. Rep. 1031; 15 L. R. A. 35; 13 L. R. A. (N. S.) 601; 29 L. R. A. (N. S.) 808; L. R. A. 1916C, 364. See, also, 4 Cal. Jur. 980; 19 Cal. Jur. 713; 5 R. C. L. 73 et seq.; 20 R. C. L. 185. Pleading of particular cause of injury as waiver of right to rely on res ipsa loquitur, notes, 24 L. R. A. (N. S.) 788; L. R. A. 1915F, 922. See, also, 19 Cal. Jur. 713; 5 R. C. L. 84; 20 R. C. L. 187.

3. Burden and sufficiency of proof of negligence when passenger is injured, note, 62 Am. Dec. 679. See, also, 5 R. C. L. 73. Burden of showing negligence as relieved by rule of res ipsa loquitur, note, Ann. Cas. 1914D, 908. See, also, 4 Cal. Jur. 980; 19 Cal. Jur. 705.

the defendant is to produce evidence sufficient to offset the effect of plaintiff's showing.

[4] ID.—PREPONDERANCE OF EVIDENCE.—In this action for damages for the death of plaintiff's husband as the result of the overturning of an autostage upon which he was a passenger, the testimony of defendant's driver as to the circumstances leading up to and causing the overturning of the stage did not offset plaintiff's *prima facie* case of negligence based upon the overturning of the stage and her evidence produced in rebuttal of the testimony of said driver; and the trial court may have disbelieved the testimony of said driver that there was an obstruction in the road—no other witness having testified to seeing such obstruction.

[5] ID.—UNAVOIDABLE ACCIDENT—ASSUMPTION OF RISK—EVIDENCE.—In such action there was no merit in defendant's contention that the accident was unavoidable and beyond the power of human care and foresight to prevent and resulted from a cause over which defendant had no control, where defendant did not show that the accident was unavoidable, and the evidence did show that the stage would not have left the road and overturned except for the negligence of defendant, and such negligence was not a risk assumed by plaintiff.

(1) 10 C. J., p. 1028, n. 97, p. 1029, n. 6.   (2) 10 C. J., p. 1029, n. 98, 4.   (3) 10 C. J., p. 1021, n. 60.   (4) 10 C. J., p. 1056, n. 31. (5) 10 C. J., p. 964, n. 3; 17 C. J., p. 1350, n. 7.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. L. T. Price, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Warren E. Libby and B. P. Gibbs for Appellant.

Edwin S. Earhart and Seth B. Smith for Respondent.

McLUCAS, J., *pro tem.* — Defendant Pickwick Stages Northern Division, Inc., appeals from a judgment in favor of plaintiff, as sole heir of Leslie W. Seney, in the sum of $15,000 for the death of said Leslie W. Seney, alleged to have been caused by the negligence of defendant in operating one of its autostages upon which the deceased was a passenger, in such a manner that the stage was overturned and resulted in said death.   The case was tried by the court without a jury.

The complaint alleges that the defendant is a common carrier of passengers for hire and operates autostages over and along the public roads and highways in the state of California; that on June 24, 1922, plaintiff and her husband were passengers on one of said stages running from Portland, Oregon, to San Francisco, California; that defendant "operated the autostage on which said Leslie W. Seney was a passenger in such a careless, reckless, wanton and negligent manner that the said auto-stage was overturned and said Leslie W. Seney was instantly killed."

Appellant contends that the doctrine of *res ipsa loquitur* does not apply in this case for the reason that the foregoing is a specific allegation of what constituted the negligence of the defendant. In support of its contention, appellant quotes the following testimony from the record. The plaintiff testified as follows: "Q. By Mr. Earhart: What was the first thing you knew of the happening of that accident, if any happened? A. Well, as we would say, as we were coming up grade on the right-hand side we skidded against the bank and the car jumped and skidded clear across the road and turned upside down. That is as far as I can remember."

The witness Bohme, being the only other witness for plaintiff, testified as follows: "Q. By Mr. Earhart: Now, Mr. Bohme, at the time of the accident, at the time and place mentioned, what was your first knowledge of anything the matter with the car or its operation? A. Why, the car turned to the right to let a vehicle pass, and there was a scraping against the rocks, and then something—I don't know—it turned across the road for some reason or other, and the next thing that we knew was that it turned over. It hit some rocks or some obstacle in the road. The car started bouncing, and it seemingly got unmanageable and turned over."

Appellant urges that the foregoing testimony could have been adduced for no other purpose than proving an allegation of negligence concerning which the plaintiff's counsel considered the burden was upon him to prove. Appellant further urges that no negligence is shown by the testimony above quoted, and that since there was no attempt to rely upon any presumption of negligence, the motion for nonsuit should have been granted. [1] The general rule is well

settled that the overturning of a vehicle operated by a common carrier raises an inference of negligence under the doctrine of *res ipsa loquitur*.   (4 Cal. Jur., sec. 119, p. 980; *Dowd* v. *Atlas T. & A. Service Co.,* 187 Cal. 523 [202 Pac. 870] ; *Lawrence* v. *Pickwick Stages,* 68 Cal. App. 494 [229 Pac. 885] ; *Lawrence* v. *Green,* 70 Cal. 417 [59 Am. Rep. 428, 11 Pac. 750] ; *Boyce* v. *California Stage Co.,* 25 Cal. 468.) This doctrine still applies, even though there be specific as well as general allegations of negligence in the complaint. (*Roberts* v. *Sierra Ry. Co.,* 14 Cal. App. 180 [111 Pac. 519].) The allegation and proof of specific acts of negligence would not deprive plaintiff of the benefit of the doctrine of *res ipsa loquitur* so far as those specific acts of negligence were concerned.   (*Atkinson* v. *United Railroads of San Francisco,* 71 Cal. App. 82, 89, 90 [234 Pac. 863].)   Where the allegations of negligence are specific only, but not general, and the proof is insufficient, then the doctrine does not apply. (*Marovich* v. *Central Cal. T. Co.,* 191 Cal. 295 [216 Pac. 595] ; *McKeon* v. *Lissner,* 193 Cal. 309 [223 Pac. 965].)   In *Zerbe* v. *United Railroads of San Francisco,* 56 Cal. App. 583 [205 Pac. 887], where the allegations in the complaint were very similar to those in the complaint in the instant case, it was held that the doctrine of *res ipsa loquitur* applied.   [2] We confess that we find some difficulty in following appellant's argument that the complaint contains a specific allegation of negligence when it states that "defendant operated the auto-stage . . . in such a careless, reckless, wanton and negligent manner that the said auto-stage was overturned."   True, the allegation is not wholly general; it is equivalent to a statement that the defendant negligently overturned the autostage.   We have already seen that the doctrine of *res ipsa loquitur* applies in all such cases.   The pleading does not state how or in what manner the stage was overturned.   There is no dispute in the evidence as to the fact of overturning; but there is a conflict as to what happened at the time of the accident.   The mere fact that plaintiff went further than required in proving her *prima facie* case in offering some testimony as to the manner in which the overturning occurred does not deprive her of the benefit of the doctrine of *res ipsa loquitur*.   Such proof was a part of the *res gestae*.   There is nothing in the record which should take from plaintiff her right to have the court

infer negligence from the happening of the accident under the circumstances in evidence. We have examined the cases cited by defendant holding that where the proof discloses the cause of the accident inferences are to be excluded. In *Stangy* v. *Boston Elevated Ry. Co.*, 220 Mass. 414 [107 N. E. 933], a case cited by defendant, the court said: "The case at bar is not an instance of an unsuccessful attempt to prove the precise cause, which would not bar the plaintiff from relying upon appropriate presumptions, but it is a case where inferences are excluded because the cause is disclosed to be a definite fact." In the present case the evidence offered by plaintiff does not disclose the cause of the overturning as a definite fact. Plaintiff testified that the car skidded against the bank and skidded clear across the road and turned upside down. The witness Bohme testified that the car scraped against the rocks and then turned across the road and turned over; that it hit some rocks or some obstacle in the road and started bouncing and turned over. The witness further stated that he did not see any obstruction in the road. Under such testimony the precise cause of the overturning of the stage remains unknown, and the plaintiff is entitled to the inferences arising from the doctrine of *res ipsa loquitur*. Accordingly, we hold that the doctrine of *res ipsa loquitur* applies to this case, and that the trial court did not err in denying defendant's motion for a nonsuit.

Appellant next urges that even if the doctrine of *res ipsa loquitur* did apply, then the plaintiff did not prove negligence on the part of defendant by a preponderance of the evidence. [3] The rule is well recognized that the burden of proof at all times remains upon the plaintiff. The doctrine of *res ipsa loquitur* does not shift this burden, but merely establishes a *prima facie* case of negligence which the defendant is bound to meet. All that is required of defendant is to produce evidence sufficient to offset the effect of the plaintiff's showing, and it is not required to offset it by a preponderance of the evidence. (*Scarborough* v. *Urgo,* 191 Cal. 347 [216 Pac. 584].) [4] We cannot agree with appellant's contention that the plaintiff failed to establish her cause by a preponderance of the evidence. The evidence shows that the deceased was a passenger on one of defendant's stages running from Portland, Oregon, to San Fran-

cisco; that the driver of the stage worked during all of the night preceding the accident trying to repair a bearing in one of the cylinders of the automobile, and at the time of the accident had been without sleep for over thirty-six hours; that there was a good firm road at the scene of the accident, which had been recently covered with buckshot gravel, and that the stage had been running over such graveled road for a mile and a half before the accident; that while ascending a three per cent grade the stage left the road, overturned, and plaintiff's husband was killed as a result of the accident. Plaintiff's evidence shows that the stage skidded against the bank while passing another car, skidded across the road and turned upside down. The speed of the car was between twelve and fifteen miles per hour. The stage driver testified for the defendant that he was driving around a right-hand curve where he could not see the road more than fifteen feet ahead, at a speed of twelve to fifteen miles per hour, when he saw a two-by-four stick in the road about twelve feet ahead, projecting two and a half or three feet into the road, which was twenty feet in width; that he drove around the stick with the front wheels of the car, but on account of the curve in the road the hind wheels struck the two-by-four and skidded off the road, and that the car overturned about seventy-five or eighty feet distant from the point where the stick lay in the road. The driver further testified that by the application of the brakes he could have stopped the car within twenty feet at the time he saw the stick. On rebuttal the witness Bohme testified that the view of the road was unobstructed for a distance of sixty feet before the point was reached where the driver testified he saw the stick in the road. The witness Hassler testified on rebuttal that the car could have been stopped within six or seven feet. Taking the driver's own testimony, if the stick was twelve feet ahead of him at the time the driver first saw it, then the rear wheels must have been nearly twenty feet distant from the stick at that time, and the driver could have brought his car nearly to a standstill before the rear wheels hit the stick. If this had been done, the car could not have run a distance of seventy-five or eighty feet upgrade beyond the stick before overturning. It is evident that the driver made no effort to apply the brakes when he first saw the obstruction, but that he attempted to

drive around it without reducing his speed; that he succeeded in passing the stick with the front wheels, but that the rear wheels failed to pass. It is a significant fact that the marks on the roadway caused by the application of the brakes were after the driver had turned to avoid the obstacle. At this time it may be remarked that the trial court may have disbelieved the testimony of the driver that there was an obstruction in the road, as it had a perfect right to do, if not satisfied with the proof. No other witness testified to seeing such obstruction.

[5] Appellant asserts that this was an unavoidable accident beyond the power of human care and foresight to prevent and resulted from a cause over which the defendant had no control. We have already indicated that defendant has not shown that the accident was unavoidable. Neither did the accident result from an ordinary risk of the road assumed by the plaintiff. This was not a case where the driver suddenly found himself driving over a skiddy surface and thereby lost control of his car. No one knew the condition of the road better than the driver himself, as he had been driving over the graveled surface for some time. If the road was dangerous he should have driven his car with greater care so as to prevent skidding. Under the facts involved in this case the stage would not have left the road and overturned except for the negligence of the defendant, and such negligence is not a risk assumed by the plaintiff.

Finally, the judgment, in our opinion, is not excessive.

We believe the evidence in this case absolutely establishes the negligence of the defendants, with or without the application of the doctrine of *res ipsa loquitur.*

The judgment and order denying the motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 6, 1927.