[L. A. No. 8601. In Bank.—January 31, 1929.]

HATTIE L. SENEY, Appellant, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Respondent.

Edwin S. Earhart for Appellant.

Warren E. Libby and B. P. Gibbs for Respondent.

THE COURT.—The appellant, with her husband and five months' old child, was a passenger on an autostage operated by the respondent on its line between San Francisco and Portland. The stage overturned and was wrecked. The appellant's husband and child were killed, and appellant suffered severe injuries. Alleging that the accident was caused by the stage company in the negligent operation of the stage upon which the decedents and she were passengers, the appellant instituted two suits against the Pickwick Stages. One, a suit for damages for the death of her husband, was tried by the court without a jury, and resulted in a judgment in favor of the plaintiff herein. On appeal by the defendant the judgment was affirmed by the district court of appeal in an opinion which fully states the facts. (*Seney* v. *Pickwick Stages*, 82 Cal. App. 226, 232 [255 Pac. 279].) A petition by the appellant to have the case heard in this court was denied.

In the second action, the one now here, appellant, again alleging the negligence of the respondent in the operation of the stage, seeks damages for the wrongful death of her minor child, as well as damages arising out of the severe personal injuries sustained by her in the overturning of the stage. The respondent, answering, alleged among other defenses facts on which it contended that the injuries were caused by an unavoidable and inevitable accident. This action was brought on for trial after the trial of the first cause, but before the affirmance of the judgment on appeal. It was also tried by the court, another judge sitting, without a jury. With the exception of the evidence necessary to establish the amount of damages sustained by the plaintiff, the evidence in the second trial was identical with that in the first case—the parties stipulating that the entire record and transcript of the testimony introduced in the first case be introduced and considered in evidence on the trial of the second. The trial court found in favor of the respondent and against the appellant on the issue of negligence. It found that the overturning of the stage was the result of unavoidable accident, and that there was no negligence upon the part of the respondent, its servants, agents or employees. As a consequence of these findings judgment was entered for the stage company. The plaintiff appeals from

the judgment and from an order denying her motion for a new trial.

The appeal presents a rather unusual situation. On the same evidence in two actions, between the same parties and involving the same issue of negligence, the same court, but with different trial judges sitting, reached opposite conclusions.

■ It is at once apparent that neither the doctrine of the law of the case, nor the doctrine of *res judicata,* are applicable on this appeal, for the reason that the subject matter of the two actions was not the same. ■ It is also obvious, considering the fundamental difference between the function of trial courts and of appellate courts, that the latter may not disturb the findings of the trial court based on sufficient evidence except as the power to do so may have been enlarged by the provisions of section 956a of the Code of Civil Procedure enacted by the legislature in 1927 (Stats. 1927, p. 583). For the reason that a finding of the trial court on the question of the amount of damages is deemed desirable upon a reversal of the judgment, we find it unnecessary to construe the power of this court under that section in the present case. ■ We deem it necessary only to determine whether there was evidence before the trial court sufficient to support the finding that there was no negligence on the part of the defendant and that the accident complained of was unavoidable. In other words, we are called upon to determine the propriety of the order denying the motion for a new trial. The question of contributory negligence on the part of the appellant is not involved. This identical evidence was thoroughly considered and reviewed on the appeal in the former case and the court arrived at the conclusion that the doctrine of *res ipsa loquitur* applied to the situation presented; that it was not shown that the accident was unavoidable and that ''the evidence in this case absolutely establishes the negligence of the defendants, with or without the doctrine of *res ipsa loquitur.''* (*Seney* v. *Pickwick Stages,* 82 Cal. App. 226, 232 [255 Pac. 279, 281].)

While the foregoing conclusions of the court on the appeal in the former case are not binding on the respondent on this appeal, nor are they binding on this court after denial of the petition for transfer to this court, we have examined

the evidence anew and have concluded that said evidence establishes the negligence of the respondent as matter of law. Applying the rule that the finding of the trial court is entitled to the benefit of all reasonable inferences and presumptions in support thereof, we are still unable to conclude that the evidence affords any substantial basis for the finding of want of negligence on the part of the respondent or that the accident was unavoidable. Under these circumstances the court committed prejudicial error in denying the motion for a new trial. While the order denying said motion is reviewable on this appeal, said order is nonappealable and the appeal therefrom is dismissed.

The judgment is reversed and the cause is remanded to the trial court, with directions to take evidence as to the amount of damages to which the appellant is entitled and to render judgment accordingly.

Rehearing denied.