[Civ. No. 7384. First Appellate District, Division One.—June 4, 1931.]

RITA QUEIROLO et al., Respondents, v. PACIFIC GAS AND ELECTRIC CO. (a Corporation), Appellant.

Thomas J. Straub and J. C. Wood for Appellant.

Harvey S. Craig for Respondents.

THE COURT.—Plaintiffs, who are husband and wife, brought this action to recover for injuries sustained by Rita Queirolo through the overturning of an automobile truck operated by an employee of defendant company.

The defendant maintained a camp at Electra and used a truck in hauling supplies to the camp from the town of Jackson. Joseph D. Queirolo was one of the employees of defendant. Elmer Boitano was the driver of the truck, and, according to his testimony, had been instructed by the foreman in charge to carry the wives and children of employees to and from the camp. On July 14, 1926, Mrs. Queirolo was granted permission to ride to Jackson and return. The evidence shows that while returning the driver, in approaching a curve on the highway, which at that point rounds a high bank on the left, was driving to the left of the center of the highway. His speed was estimated at from fifteen to thirty-five miles per hour. At or near the curve he met another automobile, whereupon he swerved sharply and passed down a sloping bank on his right-hand side of the highway. The truck was overturned, causing injuries to Mrs. Queirolo. It was also testified that the driver until he reached a point about fifteen feet from the approaching automobile was not looking in that direction, but to the right, and did not see the danger until the horn of the automobile sounded.

The action was tried by a jury, which returned a verdict for the plaintiffs, and defendant has appealed from the judgment entered thereon. As grounds therefor it is contended that the court improperly refused certain instructions

offered by defendant, and that two of the instructions given were prejudicially erroneous.

The court instructed the jury as follows: "If you find from the evidence that Rita Queirolo was given permission by defendant, the company just named, acting through one of its duly authorized agents, to ride to the town of Jackson and return on the company's stage, she was at the time of the accident entitled to receive at the hands of the driver reasonable care and caution upon his part looking to the avoidance of hurt or injuries to herself. I will modify that somewhat. If you believe from the evidence that Albert Boitano was negligent, and that such negligence was the proximate cause of the injuries to the plaintiff, Rita Queirolo, and further find that he was at the time an agent of the defendant and acting within the scope of his authority as such, then your verdict must be for the plaintiffs and against the defendant, Pacific Gas and Electric Company."

■ While, as urged by defendant, the operator of an automobile does not owe invited guests the same degree of care which a common carrier owes a passenger, he is nevertheless bound to use ordinary care and diligence for his safe carriage (*Nichols* v. *Pacific Elec. R. Co.*, 178 Cal. 630 [174 Pac. 319]). ■ The first part of the instruction states the above rule substantially; and the contention that it imposed upon defendant the duty resting upon common carriers is without merit.

■ As to the remaining portion of the instruction, it is contended by defendant that the evidence shows plaintiff to have been guilty of negligence in that she failed to protest against the speed the truck was traveling, and that the instruction erroneously omitted this element.

■ Although contributory negligence be not pleaded as a defense—which was the case here—if it appears from the evidence introduced by the plaintiff that he was guilty of such negligence, the defense may be availed of though not pleaded (*Cahill* v. *Stone Co.*, 153 Cal. 571 [19 L. R. A. (N. S.) 1094, 96 Pac. 84]; *Hoy* v. *Tornich*, 199 Cal. 545 [250 Pac. 565]), ■ and it is also the rule that an instruction directing a verdict for the plaintiff must embrace all the conditions necessary to show the legal liability of the defendant (*Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 176 [118 Pac. 700]; *Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac.

237]). According to plaintiff's testimony the truck as it rounded a curve was traveling more than twenty-five miles an hour. She further testified that she knew the vehicle was going too fast, but made no protest. ▮ An automobile passenger is bound to use reasonable care for his own safety; and whether he has used such care is a question of fact which must be submitted to the jury (*Shields* v. *King,* 207 Cal. 275 [277 Pac. 1043]), unless the evidence be insufficient to support a finding of contributory negligence (*Flores* v. *Fitzgerald,* 204 Cal. 374 [268 Pac. 369]).

It has been held that the negligence of the driver of an automobile cannot be imputed to a passenger unless the latter exercised some control over the driver, or had the power to supervise or direct the manner in which the vehicle should be operated (*Marchetti* v. *Southern Pac. Co.,* 204 Cal. 679 [269 Pac. 529]).

In the case at bar it is not contended that the plaintiff could have exercised any control, or had the power to direct the operation of the truck. According to her testimony and that of the driver the approaching automobile was first seen by them when the same was approximately twenty feet away. Likewise, the truck came within the view of the driver of the automobile at about the same distance. ▮ While, as held in *Thompson* v. *Los Angeles etc. Ry. Co.,* 165 Cal. 748 [134 Pac. 709], and *Parmenter* v. *McDougall,* 172 Cal. 306 [156 Pac. 460], if a passenger is aware that the driver is carelessly rushing into danger it may be incumbent upon him to take steps for his own safety; yet, as pointed out in *Marchetti* v. *Southern Pac. Co., supra,* these cases state the rule upon the subject of a passenger's duty in the face of a known danger, and have no application where the danger is not apparent and it is not shown that there was anything that the passenger could have done to avert the accident after the danger became known to him. The duty of a passenger to remonstrate against excessive speed is dependent upon the circumstances of the particular case (*Dowd* v. *Atlas etc. Service Co.,* 187 Cal. 523 [202 Pac. 870]). It is manifest from the evidence in the present case that the driver immediately upon discovery of the approaching automobile endeavored to avoid a collision, and that the interval between the appearance of danger and the happening of the accident was too short to justify

the conclusion that any act by plaintiff would have affected the conduct of the driver, or that her failure to act proximately contributed to her injuries.

■ The court in its charge quoted certain paragraphs from the California Vehicle Act relating to the duty of drivers as to care, speed and control of the vehicle. It is claimed that these provisions had no bearing upon the issues in the case.

There was evidence that the speed of the truck was under the circumstances shown excessive; also from the way in which the accident happened the jury might reasonably have inferred that the truck was not kept under control. In view of this evidence the instructions were not improper.

The following instruction was also given: "The plaintiff is not required to show particularly what the specific act of negligence was which produced the injury. It is only required to show by preponderance of evidence that the accident could not ordinarily have occurred had due care been employed by defendant, and you are instructed that if the testimony in this case shows by a preponderance of the evidence that the plaintiff, Rita Queirolo's injuries were sustained by reason of the negligent acts of the defendant's employee, and that those negligent acts were the proximate cause of the injuries, then it will be your duty to return a verdict for the plaintiff."

Appellant contends that in view of plaintiff's pleading the *res ipsa loquitur* doctrine had no application, and that the instruction improperly permitted the jury to conclude from the mere happening of the accident that defendant was negligent.

The complaint alleged in substance that due to the negligent operation of the truck by defendant's driver the same ran off the highway and turned over, causing injury to the plaintiff. ■ The *res ipsa loquitur* doctrine is based in part upon the theory that a defendant in charge of an instrumentality which causes injury either knows the cause of the accident or has the best opportunity of ascertaining it; and the plaintiff, having no such knowledge, is compelled to allege negligence in general terms and rely on proof of the happening of the accident in order to establish negligence (*Connor* v. *Atchison etc. Ry. Co.*, 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378]). Consequently where, instead

of replying upon a general allegation of negligence, the complaint sets out specific negligent acts or ommissions complained of, the doctrine does not apply. (*Marovich* v. *Central Cal. Traction Co.*, 191 Cal. 295 [216 Pac. 595].) But it has also been held that the doctrine applies where negligence is pleaded both generally and specially (*Roberts* v. *Sierra Ry. Co.*, 14 Cal. App. 180 [111 Pac. 519, 527]; *Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal. App. 689 [181 Pac. 669]), where the evidence tends to show specific acts of negligence (*Burke* v. *Dillingham*, 84 Cal. App. 736 [253 Pac. 627]; *Kilgore* v. *Brown*, 90 Cal. 555 [266 Pac. 297]), or where the injured person is an invited guest (*Brown* v. *Davis*, 84 Cal. App. 180 [257 Pac. 877]). Nor, as held in *Atkinson* v. *United Railroads, etc.*, 71 Cal. App. 82 [234 Pac. 863], is the plaintiff deprived of the right to rely upon the doctrine by reason of having averred the particular act of negligence complained of where such act is the one which the legal inference tends to establish. And in *Seney* v. *Pickwick Stages, etc., Inc.*, 82 Cal. App. 226 [255 Pac. 279, 280], where the same rule was approved, it was held that the doctrine applied to allegations "that defendant operated the auto stage . . . in such a careless, reckless, wanton and negligent manner that the said auto stage was overturned".

The rule has been held to apply to cases of injury to invited guests caused by the operation of automobiles (*Brown* v. *Davis, supra*), the doctrine being stated in *Judson* v. *Giant Powder Co.*, 107 Cal. 549 [48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020], as follows: "When the thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from a want of care." Negligence, of course, is not under the above rule to be presumed from the mere happening of the accident; and the inference of negligence arising from the circumstances which bring the case within the doctrine does not change the burden of proof, which remains upon the plaintiff (*O'Connor* v. *Mennie*, 169 Cal. 217 [146 Pac. 674]).

In the present case the circumstances of the injury were such as to make the doctrine applicable and to justify an instruction to that effect (*Bauhofer* v. *Crawford*, 16 Cal. App. 676 [117 Pac. 931]; *Brown* v. *Davis, supra*; *Morris* v. *Morris*, 84 Cal. App. 599 [258 Pac. 616]), the instruction complained of being in effect that in order to recover the plaintiff must show by a preponderance of evidence that her injuries were proximately caused by the negligence of the defendant, but that she was not required to show the specific act of negligence which produced the injury. In addition the jury was elsewhere instructed that the burden of proving negligence by a preponderance of the evidence rested upon plaintiff, and that a failure to make such proof would prevent a recovery. In this connection it may be said that the record discloses no evidence reasonably sufficient to sustain the conclusion that the plaintiff was guilty of contributory negligence. Appellant cannot segregate a portion of an instruction and predicate error thereon where the instruction as a whole correctly states the law (*Von Stettin* v. *Yellow etc. Cab Co.*, 100 Cal. App. 775 [281 Pac. 95]). The instructions taken as a whole state the law correctly; and we cannot presume, nor are we of the opinion, that the jury was misled thereby. If defendant desired a better definition of the rule it should have presented to the court a more specific instruction. Having failed to do so it cannot now complain (*Townsend* v. *Butterfield*, 168 Cal. 564 [143 Pac. 760]).

The jury was further instructed as follows: "I instruct you that the proximate cause must be understood to be that which in the natural and continuous sequence, unbroken by any new independent cause, produces that event and without which the event would not occur."

Appellant concedes the correctness of this instruction, but complains that another offered by it, stating the test by which to determine the question of proximate cause, was improperly rejected. To constitute proximate cause the injury must have been the natural and probable consequence of the negligent act (*Williams* v. *San Francisco*, 6 Cal. App. 615 [93 Pac. 122]; *Marton* v. *Jones*, 44 Cal. App. 299 [186 Pac. 410]); and it has been held that the consequence must be one which in the light of the circumstances an ordinarily prudent man ought reasonably to have foreseen might prob-

ably occur as the result of his negligence (*Benson* v. *Central Pac. Co.*, 98 Cal. 45 [32 Pac. 809, 33 Pac. 206]; *Marton* v. *Jones, supra; Henry* v. *Southern Pac. Co.*, 50 Cal. 176). As has been stated, the latter rule is usually given in connection with the first as explanatory of it, that is to say, the natural and probable consequences of a negligent act or omission are those which ought to have been foreseen or could reasonably have been anticipated (45 Cor. Jur., Negligence, sec. 483, pp. 913, 917). The instruction given has; however, been approved as a satisfactory definition (*Baillargeon* v. *Meyers*, 180 Cal. 504 [182 Pac. 37]); and while the offered instruction correctly explained the rule and might properly have been given, we cannot say that its refusal was prejudicially erroneous.

The following instruction offered by defendant was refused: ''You are instructed that a passenger in an automobile operated by another not for hire is required to use ordinary care for her own safety; and though you may believe that Elmer Boitano, the driver of the truck in this case, was driving at an excessive rate of speed immediately prior to the accident considering the nature and condition of the highway, if you further believe from the evidence that said Elmer Boitano drove said truck along said highway between the town of Jackson and the place where the accident occurred at a similar rate of speed and in a similar manner, and if you find that the plaintiff failed to remonstrate with said Elmer Boitano as to his manner of driving said automobile, or to request said Elmer Boitano to stop said automobile and permit plaintiff to alight therefrom, then you are instructed that the plaintiff failed to exercise ordinary care for her own safety; and if you further find that plaintiff's failure to exercise such care for her own safety contributed to the cause of the accident, then your verdict should be for the defendant.''

The duty of a passenger to remonstrate against excessive speed or to withdraw from the vehicle, a reasonable opportunity therefor being afforded, is not absolute, the question whether by failing to do so he is wanting in ordinary care being dependent upon the circumstances of the particular case (*Shields* v. *King, supra*). The offered instruction made it the absolute duty of plaintiff under the evidence to protest against the speed of the truck. As stated, there

was no evidence which would have justified the conclusion that the plaintiff was bound to remonstrate, and the instruction was properly refused.

The verdict was fully supported, and a review of the record discloses no error which would warrant a reversal of the judgment.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 3, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 3, 1931.

Shenk, J., dissented.