[Civ. No. 9770. Second Appellate District, Division One.—December 10, 1935.]

M. F. O'DEA, Appellant, v. ARTHUR R. LELAND et al., Respondents.

G. M. Grant and B. F. Tyler for Appellant.

No appearance for Respondents.

ROTH, J., *pro tem.*—On November 26, 1931, plaintiff and appellant was struck by an automobile operated by defendant Arthur R. Leland, the minor son of defendant Lillie B. Leland, also known as Lillie B. Thompson; the latter defendant having signed her son's application for a license, she was joined as a party to the action. Judgment went for defendants. The court found from conflicting evidence: "That on or about the 26th day of November, 1931, Ocean Avenue and Broadway were, and have been at all times since, and now are, public streets in the city of Santa Monica, State of California, and intersect each other at right angles; . . . that on or about (said date) . . . at . . . 11 o'clock p. m., . . . Arthur R. Leland did have under his custody, management and was operating a certain automobile along said highway at and near the intersection of Broadway and Ocean Avenue, along the westerly side of Ocean Avenue, and in a southerly direction thereof.

"That at the time when defendant, Arthur R. Leland was driving said automobile along said Ocean Avenue as hereinbefore found, the plaintiff, a pedestrian, was in the said Ocean Avenue near its said intersection with Broadway; that said plaintiff had entered Ocean Avenue just previously, having stepped off the sidewalk on the easterly side of said avenue for the purpose of crossing to the westerly side thereof; that while in said Ocean Avenue the plaintiff conducted himself in a careless and negligent manner; that he carelessly and negligently failed to observe, and did not observe, the approach of the automobile driven by the defendant, although the headlights of said automobile were lighted and the approach of the automobile could have been observed for several hundred feet before it arrived at the aforesaid intersection had the plaintiff made any observations in a northerly direction after entering Ocean Avenue; that while in said Ocean Avenue and in the path of defendant's approaching automobile, and without making any observation in the direction of that approach, plaintiff suddenly stopped and turned for the purpose of returning to the easterly side of said avenue, making the turn in such a way that his line of vision was directed to the south, or southwest, away from the direction from which the approach of motor vehicles from the north might then have been reasonably expected; that although there was a clearly delineated pedestrians' crosswalk running easterly and westerly

across said Ocean Avenue, at said intersection, said crosswalk then being about eight feet in width and lying between two lines painted in white, said lines being virtually prolongations of the side lines of a sidewalk on the southerly side of Broadway, the plaintiff nevertheless carelessly and negligently failed to be in said pedestrians' crosswalk at the time of the accident hereinafter related, and immediately preceding the same, but was carelessly and negligently outside of said pedestrians' crosswalk at a point some distance to the south thereof.

"That in the operation of said automobile at the time and place hereinbefore mentioned the said defendant, Arthur R. Leland was negligent in this respect—that he did not have said automobile under that degree of control which was reasonable and proper and in the exercise of ordinary prudence, under all the circumstances then and there existing.

"That as a proximate result of the negligent conduct of the plaintiff hereinbefore related, and the negligent conduct of said defendant, Arthur R. Leland, as hereinbefore related, the plaintiff was struck by the said automobile and injured, the negligence of both plaintiff and said defendant contributing as proximate causes to the happening of said accident and to the injuries and damage thus occasioned to the plaintiff."

The record shows ample evidence to sustain said findings and they cannot, therefore, be disturbed by this court. The only question of importance raised is whether there was a plea of contributory negligence as a separate defense. Appellant contends there was none and that in the absence of such an affirmative plea that the trial court could not have validly made a finding on that issue.

Respondents filed their answer *in propria persona*. In their answer they denied generally and specifically the allegations of the complaint and as a separate defense alleged: " . . . the plaintiff so carelessly, negligently and unlawfully walked, proceeded and controlled his movements in and about said street that the plaintiff did then and there negligently place himself directly in the path of defendant's automobile and the said plaintiff did carelessly, negligently and unlawfully change the direction in which he was proceeding and as a proximate result of said negligence, carelessness and unlawful conduct on the part of the plaintiff a collision occurred between said plaintiff and the automobile being driven by the defendant Arthur R. Leland and said negligence, carelessness and un-

lawful conduct on the part of the plaintiff were and each thereof was *a* proximate cause of any injury or damage sustained by plaintiff.'' (Italics ours.)

■ It will be noted that the excerpt from defendants' special defense charges that "as *a* proximate result of said negligence (that of plaintiff) . . . a collision occurred . . . '' Such pleading is not to be commended, but even though ambiguously phrased, it is pregnant with the admission that the negligence of plaintiff was not the *sole* cause of the collision. In view of the liberality of the decisions on the subject of pleading contributory negligence, it may, in our opinion, especially in the absence of demurrer, be accepted as an affirmative defense which properly raises the issue of contributory negligence. ■ It is not necessary, however, to decide this appeal on the ground alone that the affirmative defense as pleaded successfully raises the issue of contributory negligence. It has been thoroughly established that "If the case had been tried upon the theory that contributory negligence was involved and the jury had been so instructed, this court would not upon appeal hold that the issue of contributory negligence was not involved. (*Hughes* v. *Warman Steel Casting Co.*, 174 Cal. 556, 562 [163 Pac. 885] . . . ; *Schuh* v. *R. H. Herron Co.*, 177 Cal. 13, 18 [169 Pac. 682] . . . ; *Busch* v. *Los Angeles Ry. Corp.*, 178 Cal. 536 [174 Pac. 665, 2 A. L. R. 1607] . . . )'' (*Western States etc. Co.* v. *Bayside Lumber Co.*, 182 Cal. 140, 149 [187 Pac. 735].)

In the case of *Schuh* v. *R. H. Herron Co.*, *supra*, the court says at page 18: "In this case, however, the defense of contributory negligence was considered as properly pleaded throughout the trial. No objection was made at any time on the ground that it was not pleaded. A large part of the testimony on the trial was devoted to that subject, and the instructions of the court show that it was deemed a matter in issue to be submitted to the jury. Under these circumstances, a defective plea cannot be made available in support of an erroneous ruling on the subject. . . . '' ■ It is also thoroughly established that even though there is no affirmative defense of contributory negligence pleaded, that when the evidence adduced on behalf of the plaintiff shows contributory negligence, contributory negligence then becomes an issuable fact in the action. (*Cahill* v. *E. B. & A. L. Stone & Co.*, 153 Cal. 571 [96 Pac. 84, 19 L. R. A. (N. S.) 1094]; *Martinelli* v.

*Poley*, 210 Cal. 450 [292 Pac. 451]; *Queirolo* v. *Pacific Gas & Electric Co.*, 114 Cal. App. 610 [300 Pac. 487].)

 We have not had the benefit of a brief for respondents, and the record is incomplete in some respects. A perusal of a rather long transcript indicates that the present appeal is from the third separate trial had on this action, new trials apparently having been granted in the first two. The present record is singularly clear from argument and nowhere does it affirmatively appear in so many words that defendants were relying upon contributory negligence. The evidence introduced for appellant and on his behalf is such, however, that a finding of contributory negligence would find support therein and there is nothing in the record which indicates that contributory negligence was not in issue, while the findings of the trial court demonstrate that the case was tried upon the theory that it was in issue. Because of this state of the record, and because appellant had an opportunity to demur to the separate defense pleaded by respondent, which is undoubtedly ambiguous, we feel that if we reversed the judgment at this late date it would place too great a premium upon a technical point of pleading.

The judgment is, therefore, affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1936.